591 So.2d 922 (1991)
Cornelius Ray LEWIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 77120.
Supreme Court of Florida.
December 5, 1991.
Laura E. Keene and Barry W. Beroset of Beroset & Keene, Pensacola, for petitioner.
Robert A. Butterworth, Atty. Gen. and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for respondent.
*923 KOGAN, Justice.
We have for review Lewis v. State, 570 So.2d 412, 418 (Fla. 1st DCA 1990), in which the district court certified the following question as being of great public importance:
UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND MARR V. STATE, 494 So.2d 1139 (FLA. 1986), IS AN ALLEGED VICTIM'S PRIOR SEXUAL ACTIVITY WITH A THIRD PERSON IRRELEVANT FOR DETERMINING THE GUILT OF THE ACCUSED, WHERE THE DEFENDANT SOUGHT TO DEVELOP AS A DEFENSE THEORY THAT THE VICTIM ACCUSED THE DEFENDANT IN ORDER TO PREVENT THE VICTIM'S MOTHER FROM DISCOVERING THAT THE VICTIM HAD BEEN SEXUALLY ACTIVE WITH THE THIRD PERSON?[1]
We answer the certified question in the negative and quash the decision below.
Petitioner, Cornelius Ray Lewis, was convicted and sentenced for two counts of lewd and lascivious assault upon a child under section 800.04, Florida Statutes (1987), and five counts of sexual activity with a child less than eighteen years of age while standing in a position of familial or custodial authority under section 794.041, Florida Statutes (1987). At trial, Lewis sought to develop as a defense theory that the victim, his stepdaughter, fabricated the charges against him in order to prevent her mother and Lewis from discovering, through a gynecological examination, that she was sexually active with her boyfriend.
The trial judge reserved ruling on the State's motion in limine to suppress evidence of the stepdaughter's sexual activities with her boyfriend. During cross-examination of the victim, defense counsel attempted to show her alleged bias and motive to fabricate the accusations against him, by proffering testimony of the stepdaughter, outside the presence of the jury. The proffered testimony would have established that the stepdaughter was sexually active with her boyfriend both before and after the alleged incidents by Lewis, that she lied to her mother when asked about her sexual activity, and that her parents placed her on restriction because of some letters they found that she had written to her boyfriend which contained sexually explicit language expressing her desire to have intercourse with the boyfriend.
During the proffer, the stepdaughter also testified that her mother and Lewis had scheduled an appointment for her to see a gynecologist. Her statements made during the proffer conflicted with statements made in her pretrial deposition regarding whether she was concerned that the scheduled gynecological examination would reveal the fact of her sexual activity with her boyfriend to her mother. She did, however, reveal during the proffer that she first came forward with the allegations against Lewis only seven days prior to that scheduled appointment.
Lewis contended that the proffered testimony was relevant to his defense in that it would reveal to the jury the stepdaughter's motive to accuse him of sexual misconduct, and that it therefore must be admitted under his Sixth Amendment right to full and fair cross-examination. Olden v. Kentucky, 488 U.S. 227, 109 S.Ct. 480, 483, 102 L.Ed.2d 513 (1988) (exposure of witness' motivation for testifying is a proper and important function of the constitutionally protected right of cross-examination); Davis v. Alaska, 415 U.S. 308, 316-17, 94 S.Ct. 1105, 1110-11, 39 L.Ed.2d 347 (1974) (same). The State, however, took the position that the testimony was inadmissible as evidence of a victim's prior sexual activity under section 794.022(2), Florida Statutes (1987), Florida's Rape Shield Statute,[2] or *924 alternatively that, even if the statute did not apply, the testimony was inadmissible under section 90.403, Florida Statutes (1987),[3] because its probative value was outweighed by the danger of undue prejudice to the victim.
The trial court made no ruling on the applicability of section 794.022(2),[4] instead relying on our decision in Marr v. State, 494 So.2d 1139 (Fla. 1986), wherein we explained that Florida's Rape Shield Statute is a codification of the rule of relevancy that a victim's prior sexual activity with one other than the accused is generally irrelevant for determining the guilt of the accused. 494 So.2d at 1142; see also Roberts v. State, 510 So.2d 885, 892 (Fla. 1987), cert. denied, 485 U.S. 943, 108 S.Ct. 1123, 99 L.Ed.2d 284 (1988). In Marr, evidence of the victim's sexual relationship with her boyfriend was held irrelevant under section 794.022(2), and therefore inadmissible where the defendant had been afforded an adequate and fair opportunity to show the bias and motive of the victim allegedly stemming from the animosity between the victim's boyfriend and the defendant, without delving into the sexual nature of the relationship.
Applying the general rule of relevancy recognized in Marr, the trial court in this case excluded the proffered testimony. The trial court reasoned that the permitted cross-examination provided "adequate opportunity for the defendant to establish any motive or bias on the part of the complaining witness ... by simply showing that there has been a relationship with a friend ... that the family was galvanized against her and ... had chastised her ... for writing letters to her friend."
Accordingly, cross-examination before the jury established only that Lewis' accuser had a boyfriend, whom Lewis and her mother did not want her to see, and that they placed her on restriction because of some letters she had written to the boyfriend. The jury was also allowed to learn that the victim's mother and stepfather told her she could not have a car. The jury, therefore, did not hear any of the facts regarding the stepdaughter's sexual activity, her concealing that activity when asked by her mother, or her attempts to prevent her mother and stepfather from confirming such activity through the scheduled gynecological exam.
On appeal, also relying on our decision in Marr, the district court below concluded that the trial court
struck the proper balance between protecting [Lewis'] right to show the bias of the complaining witness, and pertinent case law holding that a sexual battery victim should be able to come forward and testify against the alleged perpetrator without having her private sexual life become the focus of the trial.
570 So.2d at 417.
Citing this Court's decision in Roberts, the district court recognized that its decision must be otherwise if the limitation of Lewis' cross-examination interfered with his confrontation rights, or operated to deny a full and fair defense, but concluded that such did not occur in this case. Id. Under the circumstances, we cannot agree with the latter conclusion.
*925 In light of the nature of Lewis' defense, the limitation of cross-examination "effectively deprived [Lewis] of the opportunity to confront his accuser and present his defense." 570 So.2d at 419 (Allen, J., dissenting). As noted by Judge Allen in his dissent,
While the cross-examination permitted provided a basis for arguing that the stepdaughter had accused [Lewis] as retribution for being placed on restriction, that was not [his] defense. Rather, his defense was that the stepdaughter had fabricated her accusations in order to conceal and preserve her sexual relationship with her boyfriend, i.e., by shifting blame to appellant for the information which would be revealed by the examination, the stepdaughter could avoid personal responsibility and thereby continue her sexual relationship with her boyfriend. Consequently, the effect of the trial court's limitation of cross-examination was to completely preclude [Lewis] from presenting his defense.
570 So.2d at 419 (Allen, J., dissenting). Accordingly, we agree with Judge Allen that it was error to exclude the proffered testimony.
In this case, it was the general rule of relevancy as it applies to the prior sexual conduct of a sexual battery victim rather than the codification of that rule[5] which resulted in the exclusion of the proffered testimony. We recognize the public policy underlying this rule, i.e., that a victim of a sexual assault should not be subjected to having her sexual history brought up in open court, but hold that where, as occurred in this case, application of this rule interferes with confrontation rights, or otherwise precludes a defendant from presenting a full and fair defense, the rule must give way to the defendant's constitutional rights. See Olden; Davis; Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); Roberts, 510 So.2d at 892.
This holding is consistent with the decision of the United States Supreme Court in Olden. In that case the defendant contended the victim fabricated charges of sexual battery against him in order to protect her relationship with her boyfriend who had seen her disembark from a codefendant's car on the night of the alleged rape. As in the present case, the excluded evidence was not expressly barred by the state's rape shield law. The trial court, in Olden, excluded evidence that at the time of trial the white victim was living with her black boyfriend. The Kentucky Court of Appeals acknowledged that the evidence was relevant to Olden's theory that the victim fabricated the allegations. However, the court affirmed the conviction, reasoning that the probative value of the evidence was outweighed by its possibility of prejudice to the victim. The United States Supreme Court reversed, holding that the Kentucky court failed to accord proper weight to Olden's Sixth Amendment right of confrontation which includes the right to conduct reasonable cross-examination. 109 S.Ct. at 482-83.
As recognized by Judge Allen in his dissent below, Lewis' defense is for all practical purposes the same as that raised in Olden, that the alleged victim fabricated the accusations in order to preserve a sexual relationship with a third party. 570 So.2d at 421 (Allen, J., dissenting). Lewis, like Olden, has a constitutional right to confront his accuser and develop his defense through reasonable cross-examination. As the Supreme Court has recognized:
[A] trial court may ... impose reasonable limits on defense counsel's inquiry into the potential bias of a prosecution witness, to take account of such factors as "harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that [would be] repetitive or only marginally relevant."
109 S.Ct. at 483 (quoting Delaware v. Van Arsdall, 475 U.S. 673, 679, 106 S.Ct. 1431, *926 1435, 89 L.Ed.2d 674 (1986)). However, such limitations are clearly unreasonable where, as here, they have the effect of precluding constitutionally adequate cross-examination. 109 S.Ct. at 483.
As in Olden, exclusion of the proffered cross-examination with such strong potential to demonstrate the falsity of the alleged victim's accusations cannot be justified by the public policy furthered by the exclusion. Id. We cannot conceive of a reasonable juror who would not have received a significantly different impression of the victim's credibility had the proffered cross-examination been allowed. Olden, 109 S.Ct. at 483; Van Arsdall, 475 U.S. at 680, 106 S.Ct. at 1435. Since the entire case against Lewis was based on his stepdaughter's accusations, we cannot say that the error was harmless beyond a reasonable doubt. Olden, 109 S.Ct. at 483-84; Van Arsdall, 475 U.S. at 684, 106 S.Ct. at 1438; State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Accordingly, for the reasons expressed above, we answer the certified question in the negative, quash the decision below, and remand to the district court for further proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
[2] Section 794.022(2), Florida Statutes (1987), reads, in pertinent part:

Specific instances of prior consensual sexual activity between the victim and any person other than the offender shall not be admitted into evidence in a prosecution under § 794.011. However, such evidence may be admitted if it is first established to the court in a proceeding in camera that such evidence may prove that the defendant was not the source of the semen, pregnancy, injury, or disease; or, when consent by the victim is at issue, such evidence may be admitted if it is first established to the court in a proceeding in camera that such evidence tends to establish a pattern of conduct or behavior on the part of the victim which is so similar to the conduct or behavior in the case that it is relevant to the issue of consent.
Neither of the above exceptions were asserted in the trial court.
[3] Section 90.403, Florida Statutes (1987), provides in pertinent part:

Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.
[4] Prior to October 1, 1990, Florida's Rape Shield Statute was expressly applicable only to prosecutions for sexual battery under section 794.011, Florida Statutes (1987). The legislature has since amended the statute to include prosecutions for sexual activity with a child by persons in familial or custodial authority under section 794.041, Florida Statutes (1987). Ch. 90-174, §§ 5, 6, Laws of Fla.
[5] Our decision does not directly address section 794.022 and should not be read to cast doubt on the validity of that statute.