591 So.2d 1076 (1991)
Abraham CASTRO, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-1909.
District Court of Appeal of Florida, Third District.
December 31, 1991.
Bennett H. Brummer, Public Defender and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Ivy Ginsberg Shanock, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and GODERICH, JJ.
PER CURIAM.
The defendant appeals from his convictions of five counts of sexual battery of his fifteen-year-old niece, in violation of section 794.041(2)(b).[1] The determinative question concerns the action of the trial judge in excluding, purportedly under the rape shield statute, section 794.022(2), Florida Statutes (1989), extensive proffered evidence concerning the victim's alleged motivation to fabricate the accusations against the defendant. In an almost identical situation, the supreme court in Lewis v. State, 591 So.2d 922 (Fla. 1991) has very recently held that such a ruling is prejudicially erroneous. On the authority of Lewis, the *1077 judgment below is reversed for a new trial.[2]
Reversed.
NOTES
[1] Sexual activity with child by or at solicitation of person in familial or custodial authority; penalties 
(1) For the purposes of this section, the term "sexual activity" means the oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object.
(2) Any person who stands in a position of familial or custodial authority to a child 12 years of age or older but less than 18 years of age and who:
* * * * * *
(b) Engages in sexual activity with that child is guilty of a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(3) The willingness or consent of the child is not a defense to prosecution under this section.
[2] Although our disposition of the case makes it unnecessary to rule upon any of the remaining points on appeal, we do suggest that, at the retrial, an appropriately phrased specific instruction concerning the definition of a "position of familial or custodial authority" be given to the jury. See Vandiver v. State, 578 So.2d 1145 (Fla. 4th DCA 1991).