ALLEN, Judge.
The appellant appeals from convictions and sentences for use of a child in a sexual performance and for promoting a sexual performance by a child. Concluding that the trial court should have granted a judgment of acquittal as to two of the charges, because “sexual conduct,” a requisite component of a “sexual performance” under section 827.071, Florida Statutes (1989), was not proven, we reverse the appellant’s convictions and sentences growing out of those charges.
Under trial court ease number 91-4046-M, the appellant was charged with one count of use of J.M., a child, in a sexual performance, as proscribed by section 827.071(2), and one count of promoting a sexual performance by J.M., a child, as proscribed by section 827.-071(3). Under trial court ease number 91-4047-M, the appellant was charged under the same two statutory provisions for offenses relating to C.N., a second child. The evidence presented at trial was that the appellant directed the children to lower then-pants and hold their genitals in their hands so that the appellant could photograph them. J.M. fully exposed his genitals and held his genitals in his hand while the appellant took a photograph. C.N. lowered his trousers but did not remove his underclothing. He was photographed holding his genitals, which were covered by his underclothing.
The appellant argues on appeal that the trial court should have granted his motion for judgment of acquittal as to the charges relating to C.N. because C.N.’s acts did not constitute a “sexual performance.” We agree.
A “sexual performance” under section 827.-071(2) or (3) must include “sexual conduct” by a child. § 827.071(l)(h). Section 827.-071(l)(g) provides:
(g) “Sexual conduct” means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person’s clothed or unclothed genitals, pubic area, buttocks, or, if such person is female, breast; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed.
The parties to this appeal base their arguments on the assumption that C.N.’s conduct was a sexual performance only if his acts amounted to “actual lewd exhibition of [his] genitals.”[1]
Although no ease law addresses whether the “exhibition” must be unclothed, we eon- *691 elude that the answer lies within the language of the statute itself. The next clause of section 827.071(l)(g) speaks to “actual physical contact with a person’s clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast.” Thus, the legislature specifically included “clothed” so that the clause would not be interpreted to apply only to contact with unclothed private body parts. The absence of the same qualifying language with regard to “actual lewd exhibition of the genitals” suggests a legislative intent that the exhibition must be unclothed.
This interpretation is also consistent with the construction given to section 800.03, Florida Statutes, which makes it “unlawful to expose or exhibit one’s sexual organs ... in a vulgar or indecent manner.” See Hoffman v. Carson, 250 So.2d 891, 893-94 (Fla.1971); see also G & B of Jacksonville, Inc. v. State, 362 So.2d 951, 956 (Fla. 1st DCA 1978).
We therefore conclude that C.N.’s act of holding his clothed genitals in his hand did not constitute a “sexual performance.” We accordingly reverse the judgments and sentences under trial court case number 91-4047-M. The appellant having advanced no argument on appeal regarding the judgments and sentences under trial court case number 91^046-M, the judgments and sentences thereunder are affirmed.
AFFIRMED in part, and REVERSED in part.
SMITH, J., concurs.
ERVIN, J., dissents with written opinion.

. We agree with the parties' implicit recognition that no other conduct referenced in the section 827.071(l)(g) definition of “sexual conduct” is applicable under the facts of this case. Although the dissent is of the view that "actual physical contact with a person's clothed or unclothed genitals" may properly include physical contact by a child with his own genitals, we cannot agree. Indeed, actual physical contact by a person with his own genitals is more properly characterized as a constant anatomical fact than as “conduct.” The language upon which the dissent relies was obviously intended to refer to actual physical contact by a child with the clothed or unclothed genitals of another person.