681 So.2d 856 (1996)
Leroy COLLIER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2267.
District Court of Appeal of Florida, Fifth District.
October 18, 1996.
*857 James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori E. Nelson, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
The defendant was charged with attempted second degree murder and two counts of false imprisonment.[1] The jury found him guilty of the lesser offense of aggravated battery and one count of attempted false imprisonment.[2] The defendant appeals his judgments of guilt, contending that the trial court erred by (1) admitting into evidence a statement relating to the fact that he previously had been incarcerated, and (2) permitting the state to cross-examine him concerning a previous conviction. We affirm.
In this case, the evidence of the defendant's guilt was overwhelming. The victim of the stabbing was the defendant's girlfriend of fourteen years as well as the mother of his children. The defendant admitted stabbing the victim during an argument at her home, and then chasing her and her daughter into a nearby tavern. Once inside the tavern, he cornered them behind the bar while brandishing two knives. Several witnesses testified at trial to these events.
The defendant first maintains that his judgments of guilt must be vacated because the trial court erred in admitting into evidence a statement made by him to the victim concerning his having previously been incarcerated. In this regard, the victim testified that during the argument the defendant *858 threatened that if he were to "go back to prison it would be for a good reason."
The issue of the admissibility of this statement was the subject of a pre-trial defense motion in limine. The trial court conducted a hearing on the motion and stated that the motion would be ruled upon at trial after a proper proffer was submitted. However, at trial, the victim unexpectedly testified concerning the defendant's admission before the state was able to submit a proffer. The defendant immediately objected and moved for mistrial alleging violation of the court's pretrial ruling. The motion was denied. The defendant now challenges this ruling, arguing that the trial court erred in refusing to grant a mistrial. We disagree. The trial court properly concluded that the state's violation of the pre-trial ruling was inadvertent, and therefore, a mistrial was not warranted.
The defendant further asserts that the trial court erred in concluding that the defendant's statement was admissible. Specifically, the defendant maintains that the statement should have been suppressed as unfairly prejudicial because it informed the jury that the defendant previously had been incarcerated. The trial court rejected this argument, concluding that the statement was admissible because, although prejudicial, it possessed substantial probative value which outweighed any unfair prejudice. We again affirm the trial court's ruling.
Relevant testimony is inadmissible only if its probative value is substantially outweighed by the danger of unfair prejudice. See § 90.403, Fla. Stat. (1993). See also Tafero v. State, 403 So.2d 355 (Fla.1981). Broad discretion rests with the trial court to determine whether the probative value of evidence sought to be admitted is substantially outweighed by unfair prejudice, and a trial court's decision to admit the evidence will not be disturbed absent a showing of an abuse of discretion. Lewis v. State, 570 So.2d 412 (Fla. 1st DCA 1990), quashed on other grounds, 591 So.2d 922 (Fla.1991).
Here, the defendant's statement was probative because it demonstrated his intent to harm the victim. The issue of the defendant's intent was vital in this case for two reasons. First, the state had the burden of establishing the defendant's intent to harm the victim because such intent is an element of both second-degree murder and false imprisonment. See §§ 782.04; 787.02, Fla. Stat. (1993). Equally as important, the state had the additional burden of establishing intent in order to negate the asserted defense of voluntary intoxication. At trial, the defendant asserted through his opening argument and his direct testimony that he was not guilty of the crimes charged because his use of liquor and crack cocaine on the day of the incident prevented him from forming the requisite intent to commit the crimes. He also testified that the stabbing was an accident. The trial court properly concluded that the defendant's statement to the victim tended to negate these defenses. See Williams v. State, 621 So.2d 413 (Fla.1993).
The defendant next challenges the trial court's ruling permitting the state to cross-examine him concerning his recent conviction for battering the victim's daughter. On direct examination, the defendant's testimony was consistent with his voluntary intoxication defense. Specifically, he explained that in the past his home life had been peaceful and that the violent acts leading to the instant charges were an aberration brought on by his use of drugs and alcohol on that day. On cross-examination, the state asked the defendant whether he had recently entered a plea of guilty to the charge of battering the victim's daughter. The defendant admitted that he had recently entered such a plea, but offered that he did not actually commit the battery. He explained that he just entered the plea to "get out." The defendant maintains that the trial court erred in permitting the state to pursue this line of questioning, arguing that this question was designed solely to illicit improper character evidence of his propensity for violence. Again, we disagree.[3] *859 Section 90.404 of the Florida Statutes (1993) prohibits the state's use of evidence of the defendant's prior bad acts to show bad character in its case-in-chief unless such evidence qualifies as similar fact evidence. In this way, the statute protects the defendant against the possibility that the fact finder might convict the defendant on the charged crime because of prejudice deriving from knowledge of prior bad conduct. However, when a defendant places a character trait into evidence, the state may pursue cross-examination regarding that trait. See Ivey v. State, 586 So.2d 1230 (Fla. 1st DCA 1991). In other words, if a defendant places a character trait into evidence, he cannot later complain about rebuttal testimony concerning conduct inconsistent with that trait. Here, the state's cross-examination of the defendant was proper because it was specifically tailored to rebut the defendant's assertion that the violent nature of his conduct was unprecedented and solely the result of his intoxication.
AFFIRMED.
PETERSON, C.J., and DAUKSCH, J., concur.
NOTES
[1] §§ 777.04, 782.04, 787.02, Fla. Stat. (1993).
[2] §§ 784.045, 777.04, 787.02, Fla. Stat. (1993).
[3] We note further that, even if the state's cross-examination was improper, any error in permitting such cross-examination would have been harmless. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).