STONE, J.
We affirm David Lanzafame’s conviction for first-degree murder. The record reflects sufficient evidence of premeditation to support the trial court’s denial of his motion for judgment of acquittal.
The victim was the husband of Robyn O’Bryon (Robyn), who was living with Lanzafame at the time of the murder. Lanzafame’s statement to the police reflects that he conspired with Robyn and John Sites (Sites) to lure the victim to a park with the intent of inflicting bodily harm. Pursuant to their plan, Lanzafame and Sites hid in the park, armed with a baseball bat. When the victim appeared, he was pushed down and Lanzafame hit him in the head with the bat. Thereafter, Lanzafame and Sites dragged the victim down to the lake and placed the body, face down, into the water.
At trial, Lanzafame testified that he conspired to scare the victim. He repeatedly denied going to the park with the intent to inflict physical harm. Lanzafame stated that, while en route to the park, he went to his parents’ home to pick up a baseball bat. Once at the park, they waited for over an hour before they observed the victim. Sites then tackled the victim, forcing him to the ground. At that point, Lanzafame said that he picked up the bat and, in an uncontrollable rage, hit the victim numerous times. During the beating, the victim asked if they could talk, but Lanzafame kept hitting him with the bat. According to Lanzafame, Sites dragged the victim to the edge of the lake and deposited his body into the water. Lanza-fame then threw the bat into the water and left the park. The bloody baseball bat containing Lanzafame’s father’s name was found approximately fifty feet from the victim’s body.
The cause of death was multiple blunt trauma to the head. There were in excess of ten lacerations on the victim’s head. Each laceration was caused by a separate strike. The medical examiner stated that the type of injury inflicted would cause the *630 victim to instantly lose consciousness and die within a matter of minutes.
“Premeditation is a fully formed conscious purpose to kill that may be formed in a moment and need only exist for such a time as will allow the accused to be conscious of the nature of the act about to be committed and the probable result of that act.” Spencer v. State, 645 So.2d 377, 381 (Fla.1994). The duration of the premeditation is immaterial, so long as there is time for reflection prior to the act. See Wilson v. State, 493 So.2d 1019, 1021 (Fla.1986).
Premeditation may be established by circumstantial evidence, including “the nature of the weapon used, the presence or absence of adequate provocation, previous difficulty between the parties, the manner in which the homicide was committed, and the nature and manner of the wounds inflicted.” Larry v. State, 104 So.2d 352, 354 (Fla.1958); see also Holton v. State, 573 So.2d 284, 289 (Fla.1990).
Here, the nature and manner of the wounds inflicted support a conclusion that there was an intent to kill, rather than, as alleged, simply an intent to scare. See Jimenez v. State, 703 So.2d 437 (Fla.1997)(finding sufficient evidence of premeditation where defendant stabbed the victim multiple times in her chest cavity), cert. denied, 523 U.S. 1123, 118 S.Ct. 1806, 140 L.Ed.2d 945 (1998). The record reflects that Lanzafame, without provocation, deliberately used a baseball bat to hit the victim in excess of ten times. All of the strikes were directed at the victim’s head. This evidence supports a finding of premeditation.
Further, the circumstances leading up to the crime, as well as the manner in which the murder was accomplished, are sufficiently probative to controvert Lanzafame’s “heat of passion” argument. See Roberts v. State, 510 So.2d 885 (Fla.1987)(rejecting the claim of sudden heat of passion where the defendant went to his car, got a bat, and repeatedly bludgeoned the victim in the back of the head), holding limited on other grounds by Lewis v. State, 591 So.2d 922 (Fla.1991).
Accordingly, the first-degree murder conviction is affirmed.
WARNER, C.J. and DELL, J., concur.