803 So.2d 760 (2001)
The STATE of Florida, Petitioner,
v.
Leon ADDERLY, Respondent.
No. 3D01-2847.
District Court of Appeal of Florida, Third District.
October 31, 2001.
Rehearing or Certification Denied January 16, 2002.
*761 Robert A. Butterworth, Attorney General, and Frank J. Ingrassia, Assistant Attorney General, for petitioner.
Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for respondent.
Before COPE, GODERICH and SHEVIN, JJ.
Rehearing En Banc or Certification Denied January 16, 2002.
COPE, J.
The State petitions for a writ of certiorari, challenging a ruling under the rape shield law. We grant the petition.
Defendant-respondent Leon Adderly is charged with sexual battery on a minor by a person in familial authority, in violation of paragraph 794.011(8)(b), Florida Statutes (1999). The defendant is the stepfather of the fifteen-year-old victim, S.D. S.D. testified in deposition that while her mother was away from home for hospital treatment, the defendant came into her room, held her down, and made oral contact with her vagina. He told her that she should not tell her mother because her mother was in the hospital and telling her would only make the mother feel worse. She did not initially tell her mother.
Thereafter S.D. avoided the defendant. At some interval after her mother returned home from the hospital, the mother asked S.D. why she disliked the defendant so much. S.D. told her mother what had happened and her mother called the police.
The police interviewed S.D. and scheduled an appointment at the rape treatment center. Realizing that as a result of the rape treatment center examination, her mother might learn that she had been sexually active with her boyfriend, S.D. told her mother that she had previously had sexual relations with her boyfriend.
The State filed a motion in limine under the rape shield statute, arguing that any evidence of S.D.'s prior sexual activity with her boyfriend should be excluded. See *762 § 794.022(2), Florida Statutes (2001). The trial court denied the motion, and the State has petitioned for a writ of certiorari.
The rape shield statute prohibits the introduction into evidence of specific instances of prior consensual sexual activity between the victim and any person other than the offender. Id. There are several statutory exceptions. Id. It has also been held that the statute must give way to a defendant's rights under the Confrontation Clause. Lewis v. State, 591 So.2d 922, 925 (Fla.1991).
The defendant in this case contends that S.D. made up the charge against the defendant so that S.D. could disclose to her mother that she had previously had sexual intercourse with her boyfriend, without the mother being angry at S.D. The logic, according to the defendant, is that if S.D. falsely charged the defendant with sexual assault, the mother would be angry with the defendant, not S.D. The defense relies on the Lewis decision, but that reliance is misplaced.
In Lewis, the defendant was the stepfather of the victim, a teenager. According to the testimony in that case, the victim was sexually active with her boyfriend. The mother and defendant suspected this, but the victim had denied it.
The mother and the defendant had scheduled an appointment for the victim to see a gynecologist. The victim was apparently concerned that the gynecologist would discover, and disclose to her mother, that she had been sexually active. Seven days before the appointment, the victim made the charge that the defendant had engaged in sexual activity with her. The defendant claimed that this was a false charge made by the victim in order to explain the anticipated results of the gynecological examination and thus prevent the mother and defendant from confirming that she was sexually active with the boyfriend. The Florida Supreme Court held that on these facts, the defendant's rights under the Confrontation Clause overcame the terms of the rape shield statute, and that the evidence of the stepdaughter's prior sexual activity was admissible.
In this case, the defendant contends that S.D. had decided she wanted to tell her mother that she had been sexually active with her boyfriend. The defendant claims that in order to prevent the mother from being angry with S.D. about this, S.D. decided to make a false charge that the defendant had performed oral sex on her against her will, so that the mother would be angry with the defendant instead of with S.D.
This claim of the defendant is contrary both to common sense and the facts of the case. The victim did not initiate the conversation with the mother regarding the defendant's sexual assault. The victim only revealed the information after the mother pressed the daughter to explain why she disliked the defendant so much. When the daughter explained the prior sexual incident with the defendant, the mother called the police. This in turn led to the rape treatment center referral. In anticipation of the rape treatment center examination, the daughter decided to disclose to the mother that she had previously been sexually active with the boyfriend.
There is no legally sufficient reason to overcome the rape shield statute in this case. The order denying the State's motion in limine is quashed.
Certiorari granted.