PER CURIAM.
Bruce Rich appeals his conviction for the first degree murder of his parents. We affirm.
Defendant-appellant Rich argues that the trial court erred by admitting, over his objection, evidence regarding his financial difficulties. We conclude that the trial court’s ruling was within the court’s discretion under the circumstances of this case. Collier v. State, 681 So.2d 856, 858 (Fla. 5th DCA 1996).
The defendant argues that the evidence was legally insufficient to support the convictions. We disagree and conclude that the case was properly submitted to the jury. State v. Law, 559 So.2d 187 (Fla.1989). The question whether the defendant’s hypothesis of innocence was reasonable was for the jury. Id. at 188.
We reject the argument that the conviction rests on an impermissible pyramiding of presumptions. As we view the matter, the argument pertaining to presumptions is simply a restatement of the defendant’s argument that the evidence was legally insufficient to convict, an argument we have rejected.
Defendant also argues that the jury should have been given an instruction on presumptions. There was no request for such an instruction in the trial court and we see no fundamental error. Holiday v. State, 753 So.2d 1264 (Fla.2000); Archer v. State, 673 So.2d 17, 20 (Fla.1996). The *693 jury was given a circumstantial evidence instruction and the case was properly submitted to the jury.
The defendant argues that it was fundamental error for the court to have admitted into evidence a fragment of the dental bridge of one of the victims, the defendant’s mother. This fragment was found in a shoe under the clothes rack in the defendant’s room. The argument that this fragment should not have been admitted into evidence is being made for the first time on appeal. The evidence came in without objection in the trial court and we see no fundamental error.
The defendant argues that the trial court impermissibly limited his impeachment of Efren Boone, a former cellmate of the defendant who testified against him at trial. The trial court ruling was in accordance with Parker v. State, 458 So.2d 750, 754 (Fla.1984).
The defendant objected to the composition of the jury panel and moved to strike it on the grounds that he is a Jewish person and there were no Jewish persons on the panel. Established case law rejects the proposition that a defendant is entitled to have a particular composition of jury. Kibler v. State, 546 So.2d 710, 712-13 (Fla.1989). There is no assertion that the composition of this jury panel was the result of any systematic exclusion. See United States v. Tapia, 59 F.3d 1137, 1143 (11th Cir.1995).
The defendant contends that the prosecutor made improper closing arguments. These were not objected to. The contentions raised for the first time on appeal are that the prosecutor in several respects misstated what the evidence showed. We see no fundamental error.
Affirmed.