807 So.2d 117 (2002)
The STATE of Florida, Petitioner,
v.
John Franklin SNYDER and Alexander Paul Grau, Respondents.
No. 3D01-2821.
District Court of Appeal of Florida, Third District.
January 23, 2002.
*119 Robert A. Butterworth, Attorney General, and Frank J. Ingrassia, Assistant Attorney General, for petitioner.
Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender Robbins; Tunkey, Ross, Amsel, Raben, Waxman & Eiglarsh and Benjamin S. Waxman and Robert G. Amsel, for respondents.
Before JORGENSON, LEVY, and SHEVIN, JJ.
PER CURIAM.
The State of Florida files this Petition for a Writ of Certiorari seeking to quash the trial court's Order which denied the State's Motion in Limine and ruled that certain evidence relating to the victims would be admissible in the trial of Respondents John Franklin Snyder and Alexander Paul Grau. We have jurisdiction under Rule 9.030(b)(2)(A), Florida Rules of Appellate Procedure. We deny the Petition for Writ of Certiorari, but delineate the limited purpose for which such evidence may be utilized at trial.
Respondent Snyder operates a business that is frequented by minors. In addition to renting and selling movies and video games, the business also rents time on computers in a back room for patrons to play the video games that the store rents and sells. On March 21, 2001, T.C. and the other alleged minor victims in the case skipped school and went to Snyder's business. It is alleged that later in the day the minors engaged in a "sex party" in the computer room and that someone took pictures of the sexual acts.
The State alleges that both Respondent Snyder and Respondent Grau were involved with the sex party. Respondent Snyder is charged with three counts of lewd and lascivious assault of a child in violation of Sections 800.04 and 777.04(2), Florida Statutes (2001) and three counts of sexual performance or use of a child in violation of Section 827.071(2), Florida Statutes (2001). Respondent Grau is charged with two counts of lewd and lascivious battery on a child 12-16 years old in violation of Section 800.04(4), Florida Statutes (2001).
On September 6, 2001, prior to charging Respondent Grau, the State filed a Motion in Limine, seeking to bar Respondent Snyder from questioning any of the victims or witnesses in the case about (1) their prior sexual conduct or contacts, (2) their prior drug use, (3) whether they consented or participated voluntarily in the sex party, and (4) what feelings they had concerning the possible sentence that Respondent Snyder might receive.
At the hearing on the Motion in Limine the State contended that the offense enumerated in Section 827.071(2) is a strict liability crime and, thus, the prior conduct of the victims or the witnesses was irrelevant and that questions regarding the consent or voluntariness of the victims were also impermissible because proof of age is the only requirement in Section 827.071(2). Respondent Snyder's counsel proffered (1) that T.C. previously had a sexual encounter with another minor in a room in the back of a church while church services were in progress, (2) that T.C. and B.P., another alleged victim in this case, had, on many occasions, showered together with and kissed each other at their homes and were involved in a sexual relationship unbeknownst *120 to their parents, and (3) that T.C. had a reputation for wanting to be a "porno star." Respondent Snyder's counsel also sought to cross-examine the minor victims as to whether their conduct was voluntary. The defense contended that this evidence was admissible to demonstrate the motive of T.C. and the other children to have a sex party, to demonstrate T.C.'s pattern of engaging in sex in semi-public places where the risk of being caught was high, and to demonstrate a motive to fabricate the allegations against Respondent Snyder. Respondent Grau adopted the arguments made by Snyder's counsel. The trial court ruled that the evidence relating to the church incident and T.C.'s reputation of wanting to be a porno star was admissible. The court also authorized the cross-examination of the minor victims as to whether their conduct was voluntary. This Petition followed.
The State contends that the offense prohibited by Section 827.071(2) is a strict liability offense for which no defense is available to the respondents and consequently, the evidence relating to the victims' prior behaviors and possible voluntary participation in the sex party is irrelevant. Section 827.071(2) states as follows:
A person is guilty of the use of a child in a sexual performance, if knowing the character and content thereof, he or she employs, authorizes, or induces a child less than 18 years of age to engage in a sexual performance or, being a parent, legal guardian, or custodian of such child, consents to the participation by such child in a sexual performance. Whoever violates this subsection is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
While courts have previously held that "lewd and lascivious" conduct in violation of Section 800.04 carries with it the same concept of "strict liability" that has traditionally characterized "statutory rape," it has not previously been made clear as to whether conduct in violation of Section 827.071(2) also carries the concept of "strict liability." See Hicks v. State, 561 So.2d 1284 (Fla. 2d DCA), rev. denied, 574 So.2d 141 (Fla.1990); State v. Sorakrai, 543 So.2d 294, 295 (Fla. 2d DCA 1989). Accordingly, we stress that not only is the "lewd and lascivious assault of a child" offense a "strict liability" offense for which there is no defense of any claimed "consent" by the minor alleged to have been the victim of the lewd and lascivious conduct, but this Court specifically holds that the offense prohibited by Section 827.071(2) is also a strict liability offense for which consent cannot be a defense. In other words, if the defendant is found to have participated in those acts which are prohibited by Section 827.071(2), it is irrelevant to the defendant's guilt that the minor child who was employed, authorized, or induced by the defendant to engage in the sexual performance, may have either consented to be so involved or may have even solicited the defendant to allow himself or herself to be so involved.
Further defining the statutory language of Section 827.071(2), while the words "employs" and "induces" have very clear and plain meanings, we also hold that it is equally clear that the word "authorizes", as used in that section, refers to an adult, whether related to the minor or not, who knowingly permits or allows that minor to engage in a sexual performance in an area over which the said adult has authority, or the ability to exercise dominion or control. As such, while the evidence that respondents seek to introduce is irrelevant to prove consent, the evidence is admissible for the limited purpose of challenging *121 the credibility and veracity of the minor victims.
To the extent that the Respondent(s) either deny being present, deny knowledge of the activities of the minors in question, or, pursuant to Lewis v. State, 591 So.2d 922 (Fla.1991), wish to challenge the credibility and veracity of the minors who claim that the Respondent(s) committed the acts prohibited by Section 827.071(2), then in that case, Respondent(s) shall be entitled to elicit and/or produce evidence, if otherwise admissible, of the type ruled admissible by the trial judge herein. It is important to note that this Lewis-type evidence is only admissible to challenge the credibility of the minors who claim that the Respondent(s) were present during the sexual activities and/or employed, authorized, or induced a child to engage in a sexual performance and is not admissible to either establish consent by the minors to those sexual acts or to denigrate the minors' general reputations or be considered as "Williams Rule" evidence. Thus, it shall be incumbent upon the trial court, whether requested by any of the parties to the case or not, to give a very specific limiting instruction to the jury advising the jury (1) that the said evidence may only be considered by the jurors in determining the question of credibility of the minors who claim that the adult committed the acts prohibited by 827.071(2) and (2) that such evidence may not, under any circumstances, be considered by the jurors in connection with determining the guilt of the defendant of the offense charged herein once the jurors determine, if they do, that the question of the children's credibility is decided in favor of the children, to-wit: the jurors believe that the Respondent(s) acted contrary to the provisions of section 827.071(2), regardless of, and notwithstanding, any issue or question relating to any alleged or claimed consent.
Petition denied.