BROWNING, J.
Henry J. Sorge, Appellant, challenges his conviction and sentence for first-degree murder and raises two issues on appeal. First, Appellant alleges that the trial court erred in denying a continuance for the purpose of evaluating his sanity at the time of the offense. Second, Appellant alleges that the trial court erred in denying defense counsel’s motion for judgment of acquittal based on insufficient evidence of premeditation. We find merit as to the first issue and reverse and remand for a new trial, but find the second issue merit-less and affirm as to it without further comment.
On June 22, 2000, Appellant was charged with the premeditated murder of his ex-girlfriend. The trial court granted a defense motion for the appointment of a medical expert to examine Appellant and to determine his sanity at the time of the offense and his competence at the commencement of trial. The forensic mental-health evaluation addressed current competence but did not address Appellant’s sanity at the time of the offense. Appellant filed a motion for continuance, and a hearing was held on March 22, 2001. At the hearing, defense counsel argued that further investigation may reveal that a past closed-head injury suffered by Appellant affects his volitional acts, which may, in turn, affect his ability to distinguish right from wrong. The medical expert also testified that certain prefrontal lobule damage could have affected Appellant’s ability to know the difference between right and wrong when the offense was committed. An alternate judge presided over the hearing and denied the motion. Following a jury trial, Appellant was convicted of first-degree premeditated murder.
On appeal, Appellant argues that the trial court abused its discretion by denying a continuance for the purpose of evaluating Appellant’s sanity at the time of the offense. Sanity is determined in Florida by the M’Naghten Rule; under that rule, a person is insane if the person is incapable of distinguishing right from wrong as a result of a mental infirmity, *270 disease, or defect. Hall v. State, 568 So.2d 882, 885 (Fla.1990). The expert’s indication at the hearing that a defect in Appellant’s brain could have affected his ability to distinguish right from wrong at the time of the offense confirmed the need for a continuance. Because the expert indicated that Appellant may have been legally insane at the time of the offense, the continuance was not sought as a means of delay, and the question of sanity at the time of the offense goes to the heart of the case against Appellant, we agree with Appellant that the motion for continuance should have been granted.
Appellant’s due process rights were violated by the trial court’s denial of the motion for continuance even though Appellant did not file a notice of intent to rely on an insanity defense. See Morgan v. State, 453 So.2d 394 (Fla.1984). Florida Rule of Criminal Procedure 3.216(c) requires a defendant to “give notice of [an] intent to rely on the defense of insanity no later than 15 days after the arraignment or the filing of a written plea of not guilty .... ” However, this rule is not set in stone; if a defendant has failed to file the notice, “the court may in its discretion grant the defendant 10 days to comply with the notice requirement.” Fla. R.Crim. P. 3.216(h). Therefore, the trial court would have had the discretion to permit Appellant to provide the State with notice of his intent to rely on an insanity defense after further evaluation, and Appellant’s failure to file such notice does not bar his claim.
The denial of the motion for continuance prejudiced Appellant by foreclosing the possibility of his producing evidence that he was insane at the time of the offense. Therefore, the trial court abused its discretion in denying the motion for continuance.
Accordingly, we affirm in part, reverse in part, and remand for a new trial consistent with this opinion.
LEWIS and POLSTON, JJ., CONCUR.