ALLEN, J.
The appellant in this direct criminal appeal challenges his conviction for first de *708 gree premeditated murder. Because the trial court erred in excluding evidence relevant to a prosecution witness’s bias and motive to testify falsely, we reverse the conviction.
This appeal follows the appellant’s second trial and second conviction for the murder of his former girlfriend. His first conviction was reversed by this court in Sorge v. State, 834 So.2d 268 (Fla. 1st DCA 2002). The appellant relied upon the defense of insanity in both of his trials. In the first trial, the prosecution presented testimony from a jail inmate named Jimmy Suarez, who had shared a cell with the appellant. Suarez’s testimony contradicted the appellant’s insanity defense and was otherwise unfavorable to the appellant’s claims of innocence. Suarez acknowledged during his testimony that he was then in custody on a charge of violating his community control, that he had eight additional pending felony charges, and that he was facing a possible sentence of life in prison. But he denied that he was hoping to curry favor with the prosecution by providing his testimony, stating that he was testifying out of his own pursuit of justice and because he wanted to see the right thing done. Following the appellant’s first conviction, Suarez admitted violating his community control, pled to one of the pending felony charges, and was sentenced to a total of three years in prison. The prosecutor dismissed the remaining charges.
Suarez was served with a prosecution trial subpoena approximately three months prior to the second trial, but he did not appear for the trial. The prosecutor therefore sought and was granted permission to present Suarez’s testimony from the first trial. The prosecutor agreed to have the jury informed that Suarez had entered a plea for a three-year sentence on two of the charges pending at the time of the first trial, that the remaining charges had been dismissed, and that Suarez had completed his three-ye'ar sentence. The appellant' asked to either inform the jury or have the jury informed that Suarez was absent from the second trial despite the fact that he had been served with a trial subpoena. But the trial court denied this defense request, informing the jury only that Suarez was “unavailable.” In denying this defense request, the trial court erred.
It is a well-established and oft-repeated principle of constitutional law that the Sixth Amendment, as incorporated into the Fourteenth Amendment, guarantees a defendant in a state criminal prosecution the right to a full and fair opportunity to confront prosecution witnesses through cross-examination and also to offer direct evidence in order to show the biases or motives of these witnesses to be untruthful. See Olden v. Kentucky, 488 U.S. 227, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988); Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968); Lewis v. State, 591 So.2d 922 (Fla.1991); see also section 90.608(2), Florida Statutes. Although decisions such as Olden and Lewis recognize that a trial court may impose reasonable limits on a defense counsel’s inquiry into the potential bias of a prosecution witness, to take account of such factors as harassment, prejudice, confusion of the issues, or witness safety, none of those considerations have application in the context of the present case.
The facts that Suarez was served with a subpoena requiring him to appear at the second trial and that he nevertheless did not appear were relevant and potentially critical to the jury’s determination of his credibility. While facing a multitude of felony charges and a possible life sentence, Suarez had testified in the first trial that his own circumstances played no part *709 in his decision to come forward and assist the prosecutor. He had insisted instead that he was testifying out of a motivation to pursue justice and see the right thing done. And these same words were repeated at the second trial through Suarez’s recorded testimony, despite the fact — unknown to the jury — that once his personal problems with the law and with the prosecutor had been resolved, he had failed to honor the subpoena requiring his appearance at the second trial. Because Suarez’s testimony directly contradicted the appellant’s defense of insanity and was also inconsistent with the appellant’s version of the events surrounding the victim’s death, the error here cannot be considered harmless.
The appellant’s argument that the trial court erred in denying his motion for judgment of acquittal is without merit. In light of our disposition of this appeal, we need not address the appellant’s remaining arguments.
The judgment is reversed and this case is remanded.
WEBSTER and LEWIS, JJ., concur.