987 So.2d 1257 (2008)
Karl DENHART, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-13.
District Court of Appeal of Florida, Fifth District.
August 15, 2008.
*1258 James S. Purdy, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR REHEARING
PALMER, C.J.
Karl Denhart (defendant) filed a motion for rehearing and/or certification of a question of great public importance. We deny the motion, but withdraw our previous opinion and substitute this corrected opinion in its stead.
The defendant appeals his judgment and sentence which were entered by the trial court after a jury found him guilty of committing the crime of promoting a sexual performance by a child. Finding no harmful error, we affirm.
The defendant engaged in various types of sexual conduct with a seventeen-year-old female, and was involved in photographing those activities and then distributing the photographs to others. Based on this conduct, he was convicted of committing the crime of promoting a sexual performance by a child. The defendant raises four points on appeal. First, he argues that the trial erred in denying his motion for entry of a judgment of acquittal. We disagree.
The defendant was charged with violating section 827.071 of the Florida Statutes which reads, in relevant part,
827.071. Sexual performance by a child; penalties
(1) As used in this section, the following definitions shall apply:
* * *
(b) "Performance" means any play, motion picture, photograph, or dance or any other visual representation exhibited before an audience.
(c) "Promote" means to procure, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmute, publish, distribute, circulate, disseminate, present, exhibit, or advertise or to offer or agree to do the same.
* * *
(g) "Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; *1259 actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast, with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed. A mother's breastfeeding of her baby does not under any circumstance constitute "sexual conduct."
(h) "Sexual performance" means any performance or part thereof which includes sexual conduct by a child of less than 18 years of age.
* * *
(3) A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he or she produces, directs, or promotes any performance which includes sexual conduct by a child less than 18 years of age.
§ 827.071, Fla. Stat. (2005).
The defendant maintains that the State failed to present a prima facie case because the photographs at issue did not depict "sexual conduct" as proscribed by paragraph (1)(g) of the statute. Specifically, the defendant maintains that the plain meaning of the statute requires a showing that the child victim made contact with one of the designated sexual areas of another person and that the State failed to present any evidence to support a finding that the child victim in this case made contact with any of the designated sexual areas of the defendant. Rather, the defendant contends the evidence showed him making contact with the child's breast.
The trial court properly concluded that the evidence presented by the State at trial was sufficient to establish a prima facie case under section 827.071(3) of the Florida Statutes. The statute, as written, defines sexual conduct broadly enough to cover contact by one party with the designated sexual areas of another party regardless of whether the child victim is making the contact or receiving the contact.[1]
The defendant next argues that the trial court erred in agreeing to issue the special jury instruction requested by the State regarding the fact that the defendant's ignorance of the victim's age, the victim's misrepresentation of her age, or the defendant's bona fide belief of the victim's age, is not a defense to the crime charged. We find no abuse of discretion.
"The giving or withholding by a trial court of a requested jury instruction is reviewed under an abuse of discretion standard of review." Worley v. State, 848 So.2d 491 (Fla. 5th DCA 2003).
In Nicholson v. State, 748 So.2d 1092 (Fla. 4th DCA 2000), the defendant was convicted of promoting a sexual performance by a child in violation of section 827.071(3). The defendant argued that the trial court erred in denying his motion for judgment of acquittal because the State *1260 failed to prove that the defendant knew that the victim was a minor. He further argued that the court erred in refusing to instruct the jury that knowledge of the victim's age was an element of the offense. The court rejected the arguments, stating:
We [...] follow the holding in Hicks v. State, 561 So.2d 1284 (Fla. 2d DCA), rev. denied, 574 So.2d 141 (Fla.1990), that the defendant's ignorance of the victim's age is not a viable defense to the charge of use of a child in a sexual performance. Where the state has a compelling interest in protecting underage persons from being sexually abused or exploited, an exception is recognized to the general rule that every crime must include a specific intent, or a mens rea and, so, ignorance of the age of the victim, misrepresentation of age, or a defendant's bona fide belief that such victim is over the specified age are not viable defenses.
Id. at 1093. Accord State v. Snyder, 807 So.2d 117 (Fla. 3d DCA 2002). We adopt this holding as our own.
The defendant further argues that the trial court erred in permitting the State to admit into evidence photographs taken of the inside and outside of the defendant's house, arguing that the photos were irrelevant and overly prejudicial since they depicted inter alia, various articles of pornography hung on the walls of the defendant's home. We again disagree. The defendant has failed to sustain his burden of proving that the trial court abused its discretion in concluding that the photographs of the defendant's home were relevant to corroborate the testimony presented by the State's witnesses concerning the fact that the crime took place inside the defendant's home and to refute a claim that the photos of the child victim were altered by use of computer software.[2]
Lastly, the defendant argues that the trial court reversibly erred in adjudicating him to be a sexual predator because Florida's sexual predator statute is unconstitutional as applied to him. Specifically, he argues that, because he did not intentionally exploit a child, the application of the sexual predator designation to him is irrelevant to the protection of children (the purpose of the statute) and, therefore, "raises a due process claim." We again disagree.
Section 775.21 of the Florida Statutes (2007) sets forth the provisions of Florida's Sexual Predator Act. As it relates to the defendant, the Act provides as follows:
775.21. The Florida Sexual Predators Act
* * *
(4) Sexual predator criteria.
(a) For a current offense committed on or after October 1, 1993, upon conviction, an offender shall be designated as a "sexual predator" under subsection (5), and subject to registration under subsection (6) and community and public notification under subsection (7) if:
1. The felony is:
* * *
b. Any felony violation, or any attempt thereof, of ... s. 827.071 ..., and the offender has previously been convicted of or found to have committed, or has pled nolo contendere or guilty to, regardless of adjudication, any violation of s. 787.01, s. 787.02, or s. 787.025(2)(c), where the victim is a minor and the defendant is not the victim's parent or guardian; s. 794.011, excluding s. 794.011(10). .... or a violation of a similar law of another jurisdiction;
*1261 § 775.21(4), Fla. Stat. (2007). Thus, pursuant to the statute, a person like the defendant who is convicted of violating one of the statute's enumerated offenses and has committed one of the necessary predicate offenses must be designated as being a sexual predator. The defendant does not articulate, nor can we find, any due process violation in applying the statute in this situation.
AFFIRMED.
SAWAYA and COHEN, JJ., concur.
NOTES
[1] The photographs also depict the child victim touching her own exposed breast while posing for the camera. In light of our ruling, we need not reach the issue of whether such conduct constitutes "sexual conduct" as defined in the statute. We do note that in, Breeze v. State, 634 So.2d 689 (Fla. 1st DCA 1994), the court, in dicta, appears to reject the conclusion that the term "sexual conduct" includes a child victim's actual physical contact with his or her own designated sexual areas, but Judge Ervin, in dissent, sets forth compelling arguments, based upon the language of the statute and the public policy in Florida to protect child victims from the dangers associated with underage sexual conduct, that the statute does proscribe such sexual contact by the child victim upon himself or herself.
[2] We note that, even if the photographs had been improperly admitted, any such error would have been harmless in light of the other evidence presented in his case.