PER CURIAM.
Appellant, S.G., appeals from an adjudication of delinquency based on a charge of armed robbery. We reverse.
Appellant was standing in a group of ten boys. The victim, a schoolmate of appellant, walked by the group. Appellant struck the victim in the face and then the other boys joined in, repeatedly hitting and kicking the victim.
When the victim was on the ground, one of the boys took the victim’s jewelry. The victim was unable to ascertain which of the boys took the jewelry.
In order to be convicted as a principal for a crime physically committed by another, one must intend that the crime be committed and do some act to assist the other person in actually committing the crime. Staten v. State, 519 So.2d 622 (Fla.1988).
Intent can be proven either by showing that a defendant had the requisite intent himself, or that he knew that the principal had the intent. Stark v. State, 316 So.2d 586 (Fla. 4th DCA 1975), cert. denied, 328 So.2d 845 (Fla.1976).
Intent may be proven circumstantially. J.W. v. State, 467 So.2d 796 (Fla. 3d DCA 1985). However, for circumstantial evidence to be sufficient proof beyond a reasonable doubt, the evidence must preclude every reasonable inference that the defendant did not intend to participate in the crime. See K.W.U. v. State, 367 So.2d 647 (Fla. 3d DCA), cert. denied, 378 So.2d 349 (Fla.1979).
The record does not support the trial court’s finding that appellant’s actions showed his intent, in any manner, to rob the victim. Accordingly, we reverse.