PER CURIAM.
Emma Brockington appeals her conviction for child abuse by culpable negligence. Section 827.04(1), Fla.Stat. (1991). Shé raises three issues, only one of which has merit. We conclude that the trial court erred in failing to declare a mistrial after the state improperly impeached a defense character witness.
Appellant and her husband were foster parents licensed by the Department of Health and Rehabilitative Services (HRS). In September, 1989, two young brothers, Anthony and David, were placed in the Brockingtons’ care. The charge of child abuse arose from an incident in which Anthony was burned on his legs and buttocks while sitting or being placed in a bathtub.
As part of her defense appellant called Carol Esco, the HRS worker who had licensed appellant as a foster parent. Ms. Esco testified that her initial investigation revealed “nothing to indicate there was anything but the greatest respect for the Brockingtons.” Esco also stated that appellant had a reputation for truthfulness. The prosecutor then attempted to show that Esco had been present when an HRS child protection team “found this to be a founded child abuse committed by this woman.” The trial court struck the question and answer, but refused to grant a mistrial.
Although section 90.608(1), Florida Statutes (1991), allows impeachment by prior inconsistent statements, such statements may not be those of third parties not attributable to the witness. Gross Builders, Inc. v. Powell, 441 So.2d 1142 (Fla. 2d DCA 1983). It is not evident that Esco concurred in the protection team’s finding, or even that she had a voice in their discussion of the case. Furthermore, any conclusions made by the HRS officials are, in effect, expressions of their opinion as to appellant’s guilt. Not even an expert witness may offer an opinion as to the ultimate issue in a criminal case. Glendening *31 v. State, 536 So.2d 212 (Fla.1988), cert. denied, 492 U.S. 907, 109 S.Ct. 3219, 106 L.Ed.2d 569 (1989); Gibbs v. State, 193 So.2d 460 (Fla. 2d DCA 1967).
Appellant’s jury was informed that certain witnesses who were not present in court, but who were acting under color of official authority, had reviewed evidence and concluded that appellant was guilty of child abuse. We are unable to conclude that the error was harmless or that a curative instruction was sufficient to expunge the taint of this information. Accordingly, we remand this case with directions to grant appellant a new trial.
Reversed.
RYDER, A.C.J., and PARKER, J., and CURRY, CHARLES B., Associate Judge, concur.