605 So.2d 960 (1992)
William R. DIXON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02426.
District Court of Appeal of Florida, Second District.
October 2, 1992.
*961 Denis M. De Vlaming, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
William R. Dixon, convicted of three counts of sexual battery on a child less than twelve years of age and one count of handling and fondling a child under the age of sixteen, appeals on the ground that the trial court impermissibly excluded evidence of the child victim's alleged prior sexual knowledge. We agree and reverse the trial court.
Dixon was a friend of Theresa Weirz, the mother of the five-year old victim. On the evening of the incident Dixon, Theresa, and Kyle Tapp, Theresa's live-in boyfriend, had gone out drinking, and Dixon was invited to spend the night at the Weirz residence. According to the victim, Dixon approached her in the middle of the night when she had gotten up to go to the bathroom. He then performed oral sex upon her and forced her to perform fellatio upon him three times. The next morning the little girl told her brother what had occurred. He, in turn, related the story to Kyle. The police were summoned, and four days later the child was examined by a physician who specialized in treating young victims of abuse. Because of the lapse of time, no physical or medical evidence was gleaned from the examination.
Dixon's defense was that the victim had fabricated the story at the instigation of Theresa and Kyle because Kyle was upset that Dixon had made a pass at Theresa on the previous evening. Another somewhat convoluted motive, which we note only in passing, appears to have emanated from Theresa's friendly relationship with Connie Phelps, Dixon's girlfriend (later to become his wife). According to Dixon, Theresa and Kyle allegedly were scheming to keep him away from the child he had had with Connie even if that meant sending him to jail.
In any event, to support his theory that the victim's story was fabricated, Dixon sought to introduce the testimony of his six-year old stepson, Kyle Sexton, who allegedly had seen the victim and her younger brother engage in oral sexual play some weeks before the assault. Such testimony, according to Dixon, would make the concept of fabrication less incredible to the jury. The trial court refused to allow Kyle Sexton to testify, however, because of lack of relevance, see Gelabert v. State, 407 So.2d 1007 (Fla. 5th DCA 1981), and exclusion under the rape shield statute, section 794.022, Florida Statutes.
The testimony the defense sought to introduce was relevant  in fact, critical  to Dixon's claim of fabrication. That relevance was underscored by the state itself in closing argument, when the prosecutor asked the jury, over Dixon's objection, how a five-year old child could possibly know about such adult sexual conduct unless the evidence against Dixon was true. The question, in fact, was highlighted by the state as the ultimate issue in this case where it is manifest that someone must be lying. The state has contended that the victim testified in such detail that it would have been impossible for her to *962 relate this story only upon coaching or prompting by adults. But this is a classic credibility issue, and the defense should have been allowed to put on evidence in that regard. However light the weight of Kyle Sexton's testimony, the jury should have been given the opportunity to evaluate it.
A recent case from the Florida Supreme Court is dispositive of this case. In Lewis v. State, 591 So.2d 922 (Fla. 1991), the court recognized the policy behind the rape shield statute, but held that where "application of this rule interferes with confrontation rights, or otherwise precludes a defendant from presenting a full and fair defense, the rule must give way to the defendant's constitutional rights." 591 So.2d at 925. The failure to allow the defendant to present his defense was not harmless in this case. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Accordingly, we reverse Dixon's judgment of conviction and remand for a new trial.
CAMPBELL, A.C.J., and HALL, J., concur.