PARKER, Judge.
J.L.W. appeals his adjudication as delinquent for attempted armed robbery, arguing that the evidence was insufficient to convict him. We agree and reverse.
The state presented the testimony of three police officers at J.L.W.’s adjudicatory hearing. Officer Alan Riggs testified that at 2:45 a.m. a woman standing on a sidewalk flagged him down. The woman told Riggs, “The guys in the car pointed a gun at me.” Riggs caught up with the car, a Ford Taurus, and saw five people inside, including J.L.W. Officer William Burris testified that he responded to a radio transmission about a robbery and located the alleged victim who said that she had been robbed.[1] He drove the alleged victim to the Ford Taurus. Burris testified that J.L.W. was one of the occupants of the vehicle. Burris searched the ear and found a handgun. Detective Steven Cor-bet testified that he provided J.L.W. with his Miranda rights and then interviewed J.L.W. J.L.W. admitted to possessing the handgun prior to the robbery; however, he denied any involvement in the robbery, claiming that he stayed inside the car during the robbery, The trial court found J.L.W. guilty of the lesser included offense of attempted armed robbery.
J.L.W. advances a two-part argument to support his contention that the state presented insufficient evidence to convict him of attempted armed robbery. First, he argues that he was convicted solely on hearsay evidence because the alleged victim did not testify at trial and the officers observed little or nothing of the actual alleged offense. We conclude that the trial court correctly admitted the officers’ testimony about the victim’s statements as excited utterances, which is a firmly-rooted exception to the hearsay rule. See Power v. State, 605 So.2d 856 (Fla.1992), cert. denied, — U.S.-, 113 S.Ct. 1863, 123 L.Ed.2d 483 (1993). We further considered whether J.L.W. unconstitutionally was denied his right to confront his accuser and conclude that there was no violation of the Confrontation Clause. See White v. Illinois, 502 U.S. 346, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992); Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).
Next J.L.W. argues that even if the evidence were admissible, it was insufficient to establish that he committed attempted armed robbery. The evidence in this case must be sufficient to show that J.L.W. was a principal in the attempted armed robbery. In order to convict J.L.W. as an aider and abetter in the attempted armed robbery, the state was required to prove that he aided and abetted in the commission of the crime and had the requisite specific intent to participate in the crime. See Valdez v. State, 504 So.2d 9 (Fla. 2d DCA 1986); Collins v. State, 438 So.2d 1036 (Fla. 2d DCA 1983). J.L.W.’s mere presence in the car when the offense was committed is not the same as participation with criminal intent. See Valdez; Collins. There was no evidence that J.L.W. possessed the gun on the day of the robbery or that he provided the gun to a participant in the robbery. Thus, the state failed to present sufficient evidence to uphold the conviction of attempted armed robbery. We *1200 reverse the conviction and direct the trial court to enter a judgment of acquittal in this case.
Reversed and remanded.
FRANK, C.J., and CAMPBELL, J., concur.

. Although the police officers testified concerning a robbery, the state presented no evidence at trial about what, if anything, was taken from the alleged victim.