FULMER, Judge.
The defendant, R.H., a child, challenges his adjudication of delinquency based on a charge of robbery. He urges that the circumstantial evidence was insufficient to prove his specific intent to commit robbery. We agree and, accordingly, reverse.
The victim, the owner of a pharmacy, testified he approached a group of boys who were urinating in the parking area located next to his store and asked them to stop. When the victim turned to walk away, one of the juveniles stood in his path and challenged him. Another juvenile then hit him from behind. All the juveniles surrounded the victim and struck him repeatedly. During the attack, one of the juveniles grabbed a gold chain and two charms from the victim’s neck. The victim conceded he did not see the defendant hit him and he did not see who took his jewelry.
The investigating officer testified that he read Miranda[1] warnings to the defendant and the defendant voluntarily answered the officer’s questions. The defendant told the officer that the white male from inside the store came out and was hollering and arguing with one of the boys who was urinating by a tree. The boys thought that the man was going to fight so they all ran out and jumped on him. The defendant admitted that he hit the victim one time but said that he did not take any jewelry from the victim. However, he did identify the person who grabbed the victim’s gold chain during the scuffle.
The facts in this case are virtually identical to those in S.G. v. State, 591 So.2d 294 (Fla. 3d DCA 1991). S.G. was standing with a group of boys. The victim walked by the group and was struck in the face by S.G. The other boys joined in and repeatedly hit and kicked the victim. While the victim was on the ground, one of the boys took his jewelry. The victim was unable to identify *300 who took the jewelry. Since the record did not support the trial court’s finding that S.G.’s actions showed an intent to rob the victim, the adjudication of delinquency was reversed. The court observed, “In order to be convicted as a principal for a crime physically committed by another, one must intend that the crime be committed and do some act to assist the other person in actually committing the crime. Staten v. State, 519 So.2d 622 (Fla.1988).” S.G., 591 So.2d at 295.
In the case before us, the testimony established only that the defendant participated in attacking the victim. This evidence is insufficient to establish an intent to participate in a robbery. Even though the defendant admitted he observed one of the boys take the jewelry, “[m]ere knowledge that an offense is being committed is not the same as participation with criminal intent, and mere presence at the scene ... is not sufficient to establish participation.” Collins v. State, 438 So.2d 1036, 1038 (Fla. 2d DCA 1983). Because his actions could be explained in a manner consistent with innocence, i.e., he did not know when he attacked the victim that another juvenile would rob the victim, the state failed to carry its burden. See, e.g., Valdez v. State, 504 So.2d 9 (Fla. 2d DCA 1986). Therefore, we reverse the adjudication of delinquency based on the charge of robbery. However, we note that the evidence does support an adjudication of delinquency for the lesser included offense of battery.
Accordingly, we reverse and remand for the trial court to adjudicate R.H. delinquent for the offense of battery and to resentence R.H.
DANAHY, A.C.J., and ALTENBERND, J., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).