696 So.2d 914 (1997)
Charles Bradford HAMILTON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-03932.
District Court of Appeal of Florida, Second District.
July 2, 1997.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Assistant Public Defender, Clearwater, for Appellant.
*915 Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Charles Bradford Hamilton appeals his convictions for DUI manslaughter and DUI with serious bodily injury, arguing that his motion for judgment of acquittal should have been granted because it was supported by the only eyewitness testimony in this case. We affirm because the physical evidence at the scene of the accident and other circumstantial evidence, as well as the opinion evidence from a trooper and a reconstruction expert, was sufficient to support the jury's verdict.
A two-car accident occurred on Tampa Road between Oldsmar and Palm Harbor on September 26, 1994, at approximately 1 a.m. It was drizzling at the time of the accident. Mr. Hamilton was driving a red 1986 Ford sedan. His license was suspended at the time and he was legally intoxicated. Russell and Holly Seedner were in the other car, a white Dodge sedan. Holly died in the accident and Russell never regained consciousness and was disconnected from his life support about one month after the collision. None of the three persons involved in the accident testified concerning the event.
Two people in a car traveling westbound on Tampa Road witnessed the accident. Both eyewitnesses testified that they were following the red car and that the eastbound car crossed the center line. If their testimony is accurate, then the Seedner car must have caused the accident.
The Seedners delivered newspapers for the St. Petersburg Times. At approximately 1 a.m., they regularly drove on Tampa Road from their home to the Times' office to pick up their newspapers. Because of the location of their home, this was always a westbound drive.
Mr. Hamilton lived with his parents. He left home at approximately 9 p.m. on Sunday evening to watch a football game. He was scheduled to work the following day. Thus, it is reasonable to assume that he was on his way home at the time of the accident. Given the location of his home, he should have been driving east at the time of the accident.
The physical evidence at the scene of the accident indicates that the cars collided head-on in the westbound lane in a stretch of road with a slight southerly turn. This physical evidence is consistent with the eyewitness testimony. Mr. Hamilton's car, however, came to rest facing east on the south side of the road approximately 133 feet east of the point of impact. The Seedners' car also came to rest facing east, but on the north side of the road approximately 12 feet west of the point of impact. Even without expert testimony, a juror with a knowledge of basic physics would conclude that Mr. Hamilton's car must have been headed eastbound at the time of the accident. The state presented testimony from both a trooper and a reconstruction expert, opining that Mr. Hamilton was driving the eastbound car.
Mr. Hamilton argues that the trial court was bound by the eyewitness testimony. He further argues that the expert witnesses improperly provided testimony on an ultimate issue, and that their testimony was insufficient to create a jury question. As a general rule, of course, it is a jury's function to assess the weight to be given to direct eyewitness testimony. Jent v. State, 408 So.2d 1024 (Fla.1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982); Darty v. State, 161 So.2d 864 (Fla. 2d DCA 1964). Thus, the primary issue in this case concerns the admissibility of the expert testimony and sufficiency of the state's evidence.
Although section 90.703, Florida Statutes (1995), provides that opinion testimony may be admitted on an ultimate issue, the case law still limits the admissibility of expert opinions on ultimate issues when the testimony's probative value may be substantially outweighed by its prejudicial effect. Glendening v. State, 536 So.2d 212 (Fla. 1988); Brockington v. State, 600 So.2d 29 (Fla. 2d DCA 1992). In Ruth v. State, 610 So.2d 9, 11 (Fla. 2d DCA 1992), this court stated: "A defendant may not be convicted solely upon the basis of an expert opinion as to the actual commission of the ultimate act *916 which constitutes the commission of the crime charged."
In this case, we are not convinced that testimony concerning the defendant's direction of travel was testimony on such an ultimate issue. The experts did not render opinions concerning the defendant's guilt. Cf. Page v. Zordan, 564 So.2d 500 (Fla. 2d DCA 1990) (experts testified that victim's testimony concerning sexual abuse was accurate and that defendant committed the abuse). The expert opinions were based on physical evidence, which was independently available to the jury. That evidence was supported by the direction of travel required for each vehicle to reach its expected destination. Based on the evidence presented, the jury could have concluded that Mr. Hamilton was driving eastbound at the time of this accident without relying on the expert opinion testimony. We see no reason to conclude that the probative value of this testimony was outweighed by any prejudicial effect.
Affirmed.
DANAHY, A.C.J., and THREADGILL, J., concur.