754 So.2d 176 (2000)
Daniel W. McLEAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-3582.
District Court of Appeal of Florida, Second District.
April 5, 2000.
*178 Pamela H. Izakowitz, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Appellant, Daniel W. McLean, appeals his convictions and sentences for kidnapping and three counts of sexual battery. For the reasons expressed, we find that we must reverse and remand this cause for a new trial.
At trial, the victim testified that on October 30, 1996, she went to a local bar in Lakeland, Florida. At closing time, the victim began looking for a ride back to her college dorm room. Jason Rancourt told the victim he would take her back to her dorm. The victim voluntarily went with Rancourt and entered the backseat of his car. Appellant was asleep in the front passenger seat. After the victim noticed Rancourt had passed the dorms, she asked him where he was going. Neither Rancourt nor appellant responded, and the victim thought Rancourt was going to take another route to her dorm. Rancourt then pulled the car over in the front yard of a house, opened the passenger door, and grabbed the victim out of the car. After the victim was removed from the car, appellant got into the driver's seat and pulled the car up between 5 and 10 yards. The victim testified that Rancourt then dragged her behind some bushes and pushed her onto the ground, and the two then raped her. Afterwards, the victim grabbed her clothes and ran away.
Later that evening, the victim was examined by a physician, and semen was found inside her vagina. The physician determined, after DNA tests of both Rancourt and appellant, that the semen taken from the victim matched Rancourt's DNA. The physician was unable to match any semen with appellant. Rancourt and appellant were both convicted of kidnapping and three counts of sexual battery. Appellant was sentenced to life imprisonment.
Appellant alleges that the trial court erred in: 1) denying his motion for severance; 2) denying his motion for judgment of acquittal; 3) allowing expert testimony on an ultimate factual issue; 4) limiting his cross-examination of an expert witness; 5) calculating his scoresheet; and 6) imposing a life sentence.

Motion for Severance
Florida Rule of Criminal Procedure 3.152(b) governs the severance of trials for defendants. Severance can be granted when it "is appropriate to promote a fair determination of the guilt or innocence of 1 or more defendants." See Fla. R.Crim. P. 3.152(b)(1)(A). Severance is not necessary "when all the relevant evidence regarding the criminal offense is presented in such a manner that the jury can distinguish the evidence relating to each defendant's acts, conduct, and statements, *179 and can then apply the law intelligently and without confusion to determine the individual defendant's guilt or innocence." McCray v. State, 416 So.2d 804, 806 (Fla.1982). Additionally, the strategic advantage or hostility among defendants does not, by itself, require severance of trials. See id. at 806.
In Coleman v. State, 610 So.2d 1283 (Fla.1992), the supreme court affirmed the trial court's denial of the defendant's motion to sever. Coleman argued that his trial should be severed because he was not involved in the drug conspiracy, his DNA did not match semen from the victims' vaginal swabs, and his alibi defense was antagonistic to his co-defendants' defenses. See id. at 1285. The supreme court, in upholding the denial, stated:
These co-defendants did not blame one another for these crimes, nor did anyone confess. Coleman and Robinson raised alibi defenses, and Frazier held the State to its burden of proof by standing mute. The evidence of the facts and circumstances leading to these murders explained these murders and the drug conspiracy to the jury; the convictions did not depend on the use of antagonistic evidence by one defendant against the others .... We see no undue prejudice caused by the refusal to sever the trial of the defendants and hold that the trial judge did not abuse his discretion by denying the motions for severance.
Id. at 1285.
In this case, as in Coleman, the co-defendants did not accuse each other nor confess to these crimes, and in fact, Rancourt testified at trial that appellant did not have sex with the victim. There was nothing in the record that would indicate the jury was confused by the evidence or that appellant was unduly prejudiced. Appellant has failed to show that the trial court abused its discretion in denying his motion for severance. See Coleman, 610 So.2d 1283; Johnson v. State, 720 So.2d 232 (Fla.1998).

Motion for Judgment of Acquittal on Kidnapping Charge
Appellant next argues that his motion for judgment of acquittal should have been granted because the evidence presented at trial did not support his conviction for kidnapping. We agree.
Section 787.01(1)(a), Florida Statutes (Supp.1996), states that "[t]he term `kidnapping' means forcibly, secretly, or by threat confining, abducting or imprisoning another person against his will and without lawful authority, with intent to: ... 2. Commit or facilitate the commission of any felony." § 787.01(1)(a)2., Fla. Stat. (Supp. 1996). The Florida Supreme Court in Faison v. State, 426 So.2d 963 (Fla.1983), held that if a kidnapping is done to facilitate the commission of another crime, the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Id. at 965 (citing State v. Buggs, 219 Kan. 203, 547 P.2d 720, 731 (1976)).
The State's theory was that appellant and Rancourt, while in the car, discussed the victim and together decided that instead of returning the victim to her dorm room they would take her somewhere to rape her. The State also asserted, and the trial court agreed, that by moving the car appellant showed his intent to participate in the sexual battery. Appellant's theory was that he had no knowledge of Rancourt's decision not to take the victim back to her dorm room and did not participate in the kidnapping or rape.
The State's theory was based on circumstantial evidence. A defendant's motion for judgment of acquittal should be granted in a circumstantial evidence case "if the state fails to present evidence from *180 which the jury can exclude every reasonable hypothesis except that of guilt." State v. Law, 559 So.2d 187, 188 (Fla.1989); see also McArthur v. State, 351 So.2d 972, 976 (Fla.1977). The record would not support, nor does the State argue, that appellant had the intent to participate in the kidnapping prior to the victim entering the car. Thus, the State had the burden of proving that at some point between the time the victim entered the car and the time the sexual battery was committed, appellant manifested the requisite intent to kidnap the victim. The victim's testimony was that appellant was asleep when she entered the vehicle. During the victim's testimony, the prosecutor asked, "At some point did ... the defendant, Daniel McLean wake up, sit up?" The victim stated, "I can't remember. I don't think he did until we stopped, but I'm not sure of when." The victim later testified that appellant and Rancourt talked to each other while in the car. The victim however testified that she could not hear all that was said because the radio was playing loudly.
Taking the evidence in the light most favorable to the State, the State proved that appellant and Rancourt talked with each other prior to stopping the vehicle. There, however, was no evidence that appellant and Rancourt entered into a plan to kidnap the victim or that appellant knew Rancourt did not plan to take the victim to her dorm room. Although intent may be shown by circumstantial evidence, "if the proof of intent rests solely upon circumstantial evidence, the proof must not only be consistent with guilt of the accused, but also inconsistent with any other reasonable hypothesis of innocence." Valdez v. State, 504 So.2d 9, 10 (Fla. 2d DCA 1986). In this case, the State's evidence is not inconsistent with appellant's assertion that he was not aware of Rancourt's intention to kidnap the victim. The fact that appellant moved the car after the victim was taken from the car by Rancourt potentially could prove his intent to participate in the kidnapping if appellant moved the car in order to make the commission of the kidnapping substantially easier or reduce the risk of detection. There, however, was no evidence that appellant's moving the vehicle lessened the risk of detection, made the crime substantially easier to commit, or assisted the commission of the kidnapping in any other way.
Moving the victim from the car to behind the bushes might support a conviction for kidnapping because the jury could reasonably conclude that the victim was moved to lessen the risk of detection. See Faison, 426 So.2d 963 (holding that defendant's act of moving one victim to the rear of an office and another victim from the kitchen to the bedroom was sufficient for kidnapping conviction); compare Walker v. State, 604 So.2d 475 (Fla.1992) (holding that defendant's act of ordering occupants to move to back of store was not sufficient for kidnapping). However, that act was physically committed by Rancourt. "In order to be guilty as a principal for a crime physically committed by another, one must intend that the crime be committed and do some act to assist the other person in actually committing the crime." Staten v. State, 519 So.2d 622, 624 (Fla. 1988); see also R.H. v. State, 649 So.2d 299 (Fla. 2d DCA 1995). Additionally, mere knowledge that an offense is being committed and mere presence at the scene is not sufficient to establish that a person is a principal to a crime. See Valdez, 504 So.2d at 10. Thus, the State was required to show that appellant had the intent to commit the kidnapping with Rancourt, and that he committed some act in furtherance of the kidnapping. In this case, the State has failed to prove appellant intended the kidnapping to occur, or that he performed any action that assisted in the kidnapping. We, therefore, reverse appellant's conviction for kidnapping.

Expert Testimony on Ultimate Factual Issue
Appellant argues that the trial court abused its discretion in admitting in *181 evidence expert testimony on an ultimate factual issue. Contrary to the State's assertion, appellant has preserved this issue for appellate review.
Dr. Linkous examined the victim following the assault. On direct examination, the prosecutor asked Dr. Linkous: "Did she act in any way inconsistent with the way a rape victim would act?" Defense counsel's objection to this inquiry was overruled. Dr. Linkous responded, "No, she did not." Appellant alleges that the trial court abused its discretion in allowing this expert opinion testimony in evidence. We agree.
District courts have held that it is permissible for a medical expert to give an opinion as to whether injuries a victim has suffered are consistent with the victim having forced sexual intercourse. See Bloodworth v. State, 504 So.2d 495 (Fla. 1st DCA 1987); Ferradas v. State, 434 So.2d 24 (Fla. 3d DCA 1983). However, in this case, the prosecutor asked about the victim's actions and whether she acted in any way inconsistently with the way a rape victim would act.
Although section 90.703, Florida Statutes (1995), allows opinion testimony on an ultimate issue, the "case law still limits the admissibility of expert opinions on ultimate issues when the testimony's probative value may be substantially outweighed by its prejudicial effect." Hamilton v. State, 696 So.2d 914, 915 (Fla. 2d DCA 1997). Dr. Linkous' opinion was his conclusion, as a medical expert, that he did not observe any action of the victim that was inconsistent with the actions or reactions of a typical rape victim. Although the opinion testimony did not directly speak to whether the victim in this case was raped, it is quite foreseeable that the jury would conclude from the testimony that since Dr. Linkous did not notice any action of the victim that would indicate the victim was not raped, she must have been raped.
We are concerned with the prejudicial effect of such testimony. Additionally, we are troubled that the opinion testimony was, in essence, a comment on the victim's credibility and was used as such by the prosecutor in closing arguments. It is the jury's function to determine the credibility of witnesses. See State v. Sepulvado, 362 So.2d 324, 330 (Fla. 2d DCA 1978) ("The believability or credibility of a witness ... [is] normally the exclusive or peculiar function of the jury.").
We conclude that the prejudicial effect of this evidence substantially outweighed its probative value in assisting the jury. The trial court abused its discretion in allowing the opinion testimony in this case in light of the potential unfair prejudice the expert opinion might have caused. See J.H.C. v. State, 642 So.2d 601 (Fla. 2d DCA 1994) (holding psychologist's expert opinion that the child victim fit a "sexually abused child profile" was inadmissible because it impermissibly intruded into the jury's function to determine credibility).
Although the trial court erred in allowing the opinion testimony in evidence, this error is still subject to a harmless error analysis. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We, however, do not consider this error harmless beyond a reasonable doubt given the cumulative effect of the evidentiary errors committed in this case.

Excluded Testimony Due to Rape Shield Statute
Appellant next argues that he was denied his right to present a full and fair defense. In this case, the defense's theory was that appellant did not have sex with the victim; that Rancourt's sexual contact with the victim was consensual; and that any tenderness to her vulva area was due to the fact that she had not had sexual intercourse in the past year. To that end, appellant proffered that Dr. Linkous would testify that the victim told him that a year had passed since she last had sexual intercourse. The trial court excluded this testimony pursuant to the Rape *182 Shield Statute. We conclude this was error.
The Rape Shield Statute, section 794.022, Florida Statutes (1995), prohibits evidence of specific instances of prior consensual activity between the victim and any person other than the offender in sexual battery cases. Section 794.022 is the codification of the rule of relevancy that a victim's prior sexual activity with one other than the accused is generally irrelevant for determining the guilt of the accused. See Marr v. State, 494 So.2d 1139 (Fla. 1986). The supreme court has held that the statute must give way if it interferes with a defendant's constitutional right to confrontation or denies the defendant the opportunity to present a full and fair defense. See Lewis v. State, 591 So.2d 922 (Fla.1991); Hammond v. State, 660 So.2d 1152 (Fla. 2d DCA 1995).
In this case, the key issue was whether the sexual contact with the victim was consensual. The defense argued that Dr. Linkous would testify that the victim told him that she had not had sex in over a year, and that in his opinion a person who has not had sex for a long period of time might experience some soreness and swelling in the vaginal area after consensual sex. This testimony was relevant to the issue of consent, and its exclusion limited appellant's ability to present a full and fair defense. Having found the exclusion of the testimony to be error, we also conclude that this error was not harmless beyond a reasonable doubt. See DiGuilio, 491 So.2d 1129; Dixon v. State, 605 So.2d 960 (Fla. 2d DCA 1992).

Sentencing Issues
Appellant also argues that the trial court erred in calculating victim injury points on his scoresheet and in imposing a life sentence. Because we are reversing appellant's convictions and granting him a new trial, the sentencing issues are moot, and we express no opinion on their merit.
We, therefore, reverse appellant's conviction for kidnapping with instructions that appellant be discharged from that count. We further reverse appellant's convictions and sentences for all three counts of sexual battery and remand for a new trial.
Reversed and remanded for a new trial.
THREADGILL, A.C.J., BLUE and STRINGER, JJ., Concur.