841 So.2d 587 (2003)
Gregory ACORD, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D00-2171, 2D00-2172, 2D00-2174, 2D00-2176 to 2D00-2179, 2D00-3273.
District Court of Appeal of Florida, Second District.
March 28, 2003.
*588 James Marion Moorman, Public Defender, Bartow, and Anthony C. Musto, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ha T. Dao, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
In these consolidated cases, Gregory Acord challenges his convictions for grand theft and trespass and the resulting revocations of probation. Following a nonjury trial, Acord was found guilty of one count of grand theft and one count of trespass. Based on these new law violations, the trial court also revoked Acord's probation in six other cases. At the time of sentencing on the several cases, Acord additionally entered a plea on a subsequent charge of grand theft.[1] On appeal Acord argues that the trial court erroneously denied his motions for judgment of acquittal at trial on the grand theft and trespass. We affirm in part and reverse in part.
*589 Testimony at the nonjury trial revealed that Robert Greife responded to an advertisement in the Tampa Tribune for a house available for rent. Acord answered the telephone at the number given in the advertisement, and Greife met with Acord and Jason Huffor at the house. Acord filled out, but did not sign, the leasing agreement; Huffor, who was named as the lessee, signed the agreement. After Greife and his family moved into the house, Michael and Sheila Silveira, the owners of the property, came by to ask Greife what he was doing in their house. They denied authorizing anyone to lease their home. However, following that incident, and after law enforcement became involved, Acord returned to the property on two separate occasions to make repairs and do landscaping, leaving a business card with Greife's wife.
The Silveiras testified that they did not know Acord or Huffor, that they did not authorize either to lease their house, and that they never received any rental money collected by Acord or Huffor.
After the State rested, Acord moved for a judgment of acquittal. The trial court, however, found that the State had made a prima facie case against Acord for grand theft and trespass as a principal. "To be guilty as a principal for a crime physically committed by another, one must intend that the crime be committed and do some act to assist the other person in actually committing the crime." Watkins v. State, 826 So.2d 471, 474 (Fla. 1st DCA 2002). Additionally, a motion for judgment of acquittal should be granted if the evidence is such that no view which the finder of fact could lawfully take favorable to the State can be sustained under the law. Lynch v. State, 293 So.2d 44, 45 (Fla.1974).
Here, Acord's actions all are consistent with Acord's claim that he was only assisting Huffor in completing a legitimate real estate transaction and that he did so without knowledge that Huffor did not have the legal right to rent the property. Furthermore, these actions alone do not prove that Acord intended that the crime of grand theft be committed or that he assisted in the commission of the crime. The State did present Williams[2] Rule evidence of another real estate transaction in which Acord was involved. Acord argues that this evidence was not similar enough to set the two incidents apart from other offenses and thus was inadmissible. We need not reach this question, however, because even if the evidence was admitted properly, it does not support the inference that Acord was aware that Huffor was not authorized to rent the instant property. In fact, the Williams Rule evidence suggested that in the previous incident Acord was leasing property he personally owned.
Accordingly, the State's evidence was consistent with a legitimate real estate transaction and did not establish that Acord intended to rent property he was not authorized to rent. Because the State failed to meet its burden, the trial court should have granted Acord's motion for judgment of acquittal following the State's case.
Similarly, the evidence did not prove a prima facie case of trespass. To prove trespass under section 810.08(1), Florida Statutes (2001), the State needed to show that Acord, "without being authorized, licensed, or invited, willfully enter[ed] or remain[ed] in any structure." Because the State did not prove that Acord was aware that Huffor did not have the legal right to lease the house, it did not meet its burden *590 on the trespass charge. Therefore, both the grand theft and trespass convictions must be reversed.
Furthermore, because the evidence did not support prima facie showings of grand theft or trespass, it cannot be said that the greater weight of the evidence established willful and substantial violations of probation.[3]See Hightower v. State, 529 So.2d 726, 727 (Fla. 2d DCA 1988). Accordingly, the revocations of probation also must be reversed.
Finally, Acord's argument that he should be given the option of withdrawing his plea in the subsequent grand theft has not been preserved. He argues that because the plea was entered under the assumption that he would be serving sentences in the seven other cases, he should be allowed to withdraw this plea as being involuntarily entered. This issue is not properly before this court because the record does not reflect that Acord has filed a motion to withdraw his plea with the trial court. See Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979).
We reverse Acord's convictions in case no. 96-5130 for grand theft and trespass and his revocations of probation in case nos. 94-8273, 94-1162, 94-12634, 94-15009, 94-16018, and 95-4601, but we affirm his conviction for grand theft in case no. 97-3879 without prejudice to his filing an appropriate motion with the trial court.
Affirmed in part, reversed in part.
NORTHCUTT, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] It is noted that Acord absconded for a period of four years after the nonjury trial. He then turned himself in and was sentenced on the several charges. It was during this time that the new grand theft charge occurred that resulted in the plea. However, the issues involved in this appeal are in no way influenced by his absconding from the custody of the court.
[2] Williams v. State, 110 So.2d 654 (Fla. 1959).
[3] There is indication in the record that a supplemental affidavit of violation of probation was filed citing the absconding as a basis for violating Acord's probation. However, there is nothing in the record to indicate that this accusation has been ruled on by the trial court.