LEVY, DAVID L., Associate Senior Judge.
Franklin Davila appeals his jury conviction for conspiracy to commit robbery and for attempted robbery, for which he was sentenced to two years of community control followed by three years of probation. The sentence was negotiated after conviction in exchange for Davila’s agreement to testify against his codefendants. Because the trial court erred in denying Davila’s motion for judgment of acquittal, we reverse the conviction and remand for discharge.
Davila was found guilty by a jury of conspiracy to commit robbery and attempted robbery but found not guilty of aggravated battery on a person sixty-five years of age or older and attempted felony murder.
Prior to trial Davila was interviewed by Detectives Davis and West. The transcript of that interview was introduced as evidence at the trial.
Davila’s statement disclosed that on April 21, 2006, he and Bartholomew Ortiz were at Davila’s residence when Robert Snyder and Joseph Milstead arrived. According to Davila, Milstead, Snyder, and Ortiz talked of “doing a lick,” which translates to robbing someone. It appears the motivation for a robbery was a combination of a need for gas money and a desire for gaining status within a “gang” known as the “Crips.” Davila claims he told the others he did not want to participate in a robbery. Nevertheless, Davila took Ortiz and Snyder in his truck, with Milstead following in his green Camaro, and drove to a Sunoco gas station, where Davila parked his truck and he and his two passengers got in Milstead’s car.
Davila described two occasions where the other three men considered two separate potential robbery victims and contends he left the immediate vicinity so the others could “do their thing.” He also admits he got back in the car when nothing happened. All four defendants in Mil-stead’s car headed into a residential community where they observed an elderly man working in his yard. Milstead stopped the car, and Snyder and Ortiz left the car to rob the elderly man. Neither Davila nor Milstead left the car. Ortiz used a BB gun, which had once belonged to Davila, to beat the victim. There was no evidence that Davila’s ownership or possession of the BB gun was recent, and Davila stated that he had given it away *37 long before the incident. Both Ortiz and Snyder beat the man severely, ultimately causing his death, and then ran back to the car. Davila stated that Ortiz threw the BB gun out the window of the car while they were fleeing the scene of the crime. It was subsequently discovered by deputies.
During his interview Davila told the detectives that he did not want to participate and did not participate in any of the crimes. The transcript includes the following:
Davis: Then why did you go with them?
[Davila]: Well, because I didn’t have nothing else to do, and I went with them.
Davis: To hit a lick?
[Davila]: N.... I was gonna get out the car....
Davis: While they hit a lick, and you were going to get in the car afterwards.
[Davila]: (INAUDIBLE) trouble for it, because it wasn’t my idea.
Davis: I’m not saying it was your idea, but I’m saying that you knew that they were going to hit that lick.
[Davila]: Yeah, I knew exactly (INAUDIBLE) I knew exactly why they were going to do it, and I know exactly when they, ah, what they did, and where.
Detective West testified that Davila was charged with the crimes based only on his admission that he was present at the scene. When asked on cross-examination whether there was evidence that Davila “had done anything other than being present in the car to aid or abet or otherwise assist the others in committing the robbery,” West responded, “No, my answer is no. There was no other evidence to support that.”
MOTION FOR JUDGMENT OF ACQUITTAL
Davila argues that the trial court erred by not granting his motion for judgment of acquittal. He contends that the State failed to prove that he had an intent to participate in any robbery or that he did participate. He argues that his only participation was “being at the scene and having knowledge that a crime was about to be committed.” The trial court denied the motion.
“In order to be guilty as a principal for a crime physically committed by another, one must intend that the crime be committed and do some act to assist the other person in actually committing the crime.” Staten v. State, 519 So.2d 622, 624 (Fla.1988). “Additionally, a motion for judgment of acquittal should be granted if the evidence is such that no view which the finder of fact could lawfully take favorable to the State can be sustained under the law.” Acord v. State, 841 So.2d 587, 589 (Fla. 2d DCA 2003). . “However, if the State’s evidence is wholly circumstantial, not only must there be sufficient evidence establishing each element of the -offense, but the evidence must also exclude the defendant’s reasonable hypothesis of innocence.” Pagan v. State, 830 So.2d 792, 803 (Fla.2002).
This court has held that “mere knowledge that an offense is being committed and mere presence at the scene is not sufficient to establish that a person is a principal to a crime.” McLean v. State, 754 So.2d 176, 180 (Fla. 2d DCA 2000). In McLean, the State’s case was based solely on the circumstantial evidence of the defendant’s presence in the ear when the crime was committed. In that case, as here, there was no evidence that the defendant committed any act to assist the code-fendant in committing the crime. This court held that the defendant’s motion for *38 judgment of acquittal should have been granted. Id. at 179.
In Garcia v. State, 899 So.2d 447 (Fla. 4th DCA 2005), Garcia was a passenger in a van which was identified as the vehicle used moments before in a burglary of a residence. Some of the stolen property was found in the van. The court held:
Here, the state failed to introduce competent evidence which is inconsistent with the defendant’s theory of innocence. The state argues that appellant’s presence in the van, along with his proximity to the stolen property found in the van, constitutes sufficient proof of appellant’s intent to participate in the burglary. However, this evidence, standing alone, does not preclude every reasonable inference that appellant did not intend to participate in these crimes. Mere knowledge that an offense is being committed and mere presence at the scene of the crime are insufficient to establish participation in the offense. Williams v. State, 206 So.2d 446 (Fla. 4th DCA 1968) (holding that circumstantial evidence showing that the defendant was a passenger, along with three code-fendants, in an automobile that stopped twice outside a bar, and that after the second stop, a co-defendant got out, entered the bar, and fired a shotgun at the victim, and that the defendant had not seen a gun in the co-defendant’s possession before the shooting, did not exclude reasonable hypothesis that the defendant did not plan to assist the co-defendant in the attempted robbery); Cockett v. State, 507 So.2d 1217 (Fla. 4th DCA 1987) (reversing trafficking in cocaine conviction where proof that defendant was a passenger in drug dealer’s car showed merely that the defendant was along for the ride)....
Id. at 450 (some citations omitted). The court concluded that the trial court erred in denying Garcia’s motion for judgment of acquittal and remanded for Garcia to be discharged. Id. at 451.
Here, the only evidence connecting Davila to the criminal activities was his knowledge that the others wanted to commit a robbery and his presence in the vehicle when the robbery and murder were committed. As this court stated in Taylor v. State, 747 So.2d 393, 395 (Fla. 2d DCA 1996), “Neither presence at the scene nor mere knowledge that an offense is being committed can be construed as participation in the crime.”
Accordingly, we reverse and remand with instructions to discharge Davila.
DAVIS and KELLY, JJ„ Concur.