DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CARLOS GOMEZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-2350

[April 25, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 13006115CF10A.

Felipe Jaramillo of The Law Office of Felipe Jaramillo, P.A., Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant was convicted of armed sexual battery. On appeal, he claims that the court erred in preventing him from cross-examining the victim, with whom he had had a nearly twenty-year marriage, on her prior allegation of rape against him. In granting a motion in limine, the court also prohibited appellant from cross-examining the victim about allegations of rape she levelled against an employer. The court believed that each inquiry violated the rape shield law. We hold that the allegations are not covered by the rape shield law; nevertheless, because the court found they were also irrelevant, we agree that they were inadmissible and affirm.

The State charged appellant with armed sexual battery of the victim in April 2013. Appellant and the victim's relationship began in 1996 in Mexico. The victim testified that she married appellant in Mexico, and she referred to appellant as her husband. They later moved to the United States, where they had two children. In 2008, they separated, and their relationship became very hostile.

On the day of the incident, the victim had just taken her children to school when appellant showed up at her apartment. He told her, "Now, you're going to [expletive] get it." He said he had a knife in his backpack and told her not to make a fuss. The victim said she didn't scream or make a noise, and she went inside where appellant proceeded to anally penetrate her. When appellant took out his cell phone, she ran out, taking her own cell phone. A neighbor saw her, and the victim went to her yard where she called 911. The neighbor saw appellant leave the house. The victim was taken to a sexual assault center and examined. Later, appellant was arrested and charged.

Prior to trial, during a deposition, the victim testified that in 2001 appellant had tried to rape her. She also testified at length about sexual abuse by her employer years earlier. When appellant found out about this sexual relationship with the employer, the victim claimed it was non-consensual and that the employer repeatedly raped her. Before the start of the trial, defense counsel sought permission to question the victim about her past allegations of sexual assault. The court precluded questioning of the victim both as to her allegation against the employer as well as against appellant. The court found such evidence would violate the rape shield law.

At trial, in addition to recounting the sexual assault the victim testified about her hostile relationship with appellant and the fact that she was separated from him. They interacted mostly over the children. She admitted that she had contact with appellant through a family friend while he was in jail for the instant case, and she said that she did not want to press charges further against appellant. But she never testified that she had ever reconciled with appellant or engaged in sexual relations with him after their separation in 2008.

The State presented DNA evidence gathered from the victim's examination which included appellant's DNA. The nurse who examined the victim testified that the victim's injuries were consistent with the victim's account of the events. A detective testified that appellant's shoe and backpack were found in the victim's residence. The appellant presented no evidence. The jury convicted appellant of armed sexual battery, and the court sentenced him to life in prison, with a twenty-five year mandatory minimum, for that conviction. Appellant now appeals his conviction.

On appeal, Gomez contends that the court abused its discretion in refusing to allow him to cross-examine the victim regarding her prior allegations of rape against her employer, as well as against the appellant.

The trial court ruled that the examination of her relationship with her employer would violate the rape shield law, section 794.022, Florida Statutes (2013).  The court also determined that the allegations were not relevant.  As to the victim's allegation in a deposition, taken in this case, that appellant raped her in 2002 during their relationship, the court ruled that the appellant could cross-examine the victim about any sexual relationship that they had subsequent to their separation, but the court would not allow appellant to question her regarding the prior allegation of rape.  Although the rape shield law was inapplicable to either allegation of rape by the victim, the court did not abuse its discretion in its rulings because the evidence was not relevant in this case.

Section 794.022(2), Florida Statutes (2013), prohibits questioning a victim regarding a sexual relationship with others:

> Specific instances of prior **consensual** sexual activity between the victim and any person **other than the offender** shall not be admitted into evidence in a prosecution [for sexual battery].  However, such evidence may be admitted . . . if it is first established to the court in a proceeding in camera that such evidence tends to establish a pattern of conduct or behavior on the part of the victim which is so similar to the conduct or behavior in the case that it is relevant to the issue of consent.

(emphasis added).  Two points are apparent in the plain meaning of the statute.  First, it only relates to *consensual* sexual activity with a person other than the accused.  Second, consensual sexual activity with someone other than the defendant may be admitted where it is *so similar* to the conduct in the present case that it is relevant to consent.

The appellant sought to introduce the victim's prior allegation against her employer of sexual assault.  As the victim did not attribute this to prior consensual conduct, it does not fit within the rape shield law.  While prior allegations of sexual assault may be admissible where relevant, this is an evidentiary rule of relevancy, not a statutory prohibition.  *See Fehringer v. State*, 976 So. 2d 1218, 1221 (Fla. 4th DCA 2008) (finding prior allegation of sexual assault may be admissible, even where there has been no recantation, where the prior incident is similar).

In this case, the court determined that the prior allegation was not relevant, and we agree.  The proffer of the incident revealed that the incident came to light when the paternity of the victim's youngest child was questioned by the appellant many years earlier.  The victim then admitted to having repeated sexual relations with her employer, but

3

asserted that it was not consensual. The state proffered that the victim testified in her deposition that the employer was taking advantage of her because of her undocumented status and threatened to have her deported if she did not comply with his assault.

There is no similarity between the allegations of the sexual assault by the appellant and the sexual assault years earlier by the employer. Moreover, even if the conduct were considered consensual, and thus within the ambit of section 794.022(2), it would not satisfy the similarity exception in the statute. And we cannot conclude on this record that it would impact the victim's credibility by showing bias or motive, because the incidents are so dissimilar. In the employer incident, if the victim was falsely accusing the employer of assault, she was making that claim to her husband to counter accusations of infidelity, which is not at all like the claims in this case. The trial court did not abuse its discretion in concluding that those allegations did not pass the test of relevancy.

As to the allegations of sexual assault leveled against the appellant in the victim's deposition, the statute does not apply. First, the allegation was not of consensual conduct, and second, it involved the appellant. The statute does not prohibit admission of sexual incidents between the victim and offender. *See Minus v. State*, 901 So. 2d 344 (Fla. 4th DCA 2005). In *Minus,* we held that evidence of a victim's sexual relationship and prior allegations of sexual assault against the defendant were not inadmissible under the statute and could be evidence of bias or motive. *Id.* at 349. There, the defendant claimed that the prior allegations of assault were relevant, because the victim continued her relationship with the defendant after her claim of assault, thus impugning the victim's credibility as to the charged allegations because of the similarity in the incidents. *Id.* at 346-48. In this case, the appellant claimed the same relevancy, i.e., that after making the allegation, the victim continued in a relationship with appellant. While that may have been true with the first allegation of sexual assault, it is not similar to the current allegation. There was no evidence that the victim had continued in a sexual relationship with appellant (or any relationship, other than hostile) after they separated in 2008. Moreover, other than the fact of the allegation, there is nothing in our record which might make the conduct similar to the incident in this case. The court ruled that appellant could question the victim regarding any continuing relationship, but the appellant never interrogated the victim on this issue.[1] Without some evidence that there was a continuing

---

[1] The lack of questioning appears to have been strategy, as defense counsel had not decided yet whether he was going to get into her accusations that appellant

relationship which would make relevant the prior, decade-old allegation of sexual assault or some evidence of substantially similar conduct, we cannot conclude that the court abused its discretion in denying admission of the prior allegations.

We are not unmindful of appellant's claim that his Sixth Amendment right to confront the victim should allow his cross-examination of the victim on the allegations. Indeed, the supreme court has held that the rape shield law should not be interpreted to preclude examination of a victim on prior sexual activity where it would impede a defendant's right to confront a witness when the exclusion of such evidence prevents the defendant from presenting a full and fair defense. *See Lewis v. State*, 591 So. 2d 922 (Fla. 1991). In *Lewis*, however, the excluded evidence was proffered to show that the victim made allegations of sexual assault against her stepfather to cover up her sexual relationship with her boyfriend, as she was facing an impending gynecological examination which would have revealed her sexual activity. *Id.* at 923.

Clearly, a refusal to present the evidence of the victim's prior sexual relationship in *Lewis* would have decimated a very viable defense. There is no similarly compelling evidence which impaired the defense in this case, particularly where there was no evidence that the victim and appellant had maintained any cordial relationship in the five years after their separation. This, too, is a discretionary call by the trial court, and while the court should be lenient in favor of preserving a defendant's Sixth Amendment right of confrontation, we cannot say that the court abused its discretion in this case.

The remaining issues raised by the appellant also lack merit. He complains of a *Brady* violation for the State's failure to produce impeaching evidence of the victim's U-Visa application, by which she could remain in the United States as a victim of a crime. But the State neither had possession of the visa application nor did it have control over it, and it was equally available to the defense, who knew about it and could have subpoenaed the application. Thus, the State had no obligation to produce it. *See Geralds v. State*, 111 So. 3d 778, 787 (Fla. 2010). Next, he challenges the admission of statements by the nurse expert that the victim's injuries were consistent with forced sexual assault. Such evidence has routinely been held to be admissible. *See McClean v. State*, 754 So. 2d 176, 181 (Fla. 2d DCA 2000) ("District courts have held that it is permissible for a medical expert to give an opinion as to whether injuries

had raped her in the past, even as he argued entitlement to interrogate on this issue.

5

a victim has suffered are consistent with the victim having forced sexual intercourse."). Appellant also challenges statements made by detectives which he claimed were hearsay. Although the statements would qualify as hearsay, they were harmless beyond a reasonable doubt. *State v. DiGuilio*, 491 So. 2d 1129, 1139 (Fla. 1986). Finally, he argues that the prosecutor made several burden-shifting arguments in closing. Some of the statements were not objected to, and one was in response to the defense closing argument and was not improper. *See Scott v. State*, 66 So. 3d 923, 930 (Fla. 2011). The remainder we conclude were not burden-shifting.

For the foregoing reasons, we affirm the conviction and sentence.

CONNER and KUNTZ, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***

6