DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAYMOND VINCENT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-2325

[August 2, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara A. McCarthy, Judge; L.T. Case No. 16006525CF10A.

Carey Haughwout, Public Defender, and Logan T. Mohs, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his convictions for one count of lewd or lascivious battery, and one count of impregnating a minor. The defendant primarily argues the circuit court reversibly erred by relying on the rape shield statute as its basis for precluding the defendant from attempting to either elicit testimony from the victim, or argue to the jury, that someone other than the defendant had raped the victim, because the rape shield statute concerns only *consensual* sexual activity with a person other than the accused, and the defendant was seeking to elicit testimony and/or argue about *nonconsensual* activity with a person other than the accused.

The state concedes, and we agree, that the trial court erred by relying on the rape shield statute as its basis for precluding the defendant from attempting to either elicit testimony from the victim, or argue to the jury, that someone other than the defendant had raped the victim. However, the state argues, and we agree, the error was harmless beyond a reasonable doubt. Therefore, we affirm the defendant's convictions.

The rape shield statute, section 794.022(2), Florida Statutes (2019), provides:

> Specific instances of prior *consensual* sexual activity between the victim and any person other than the offender may not be admitted into evidence in a prosecution under s. 787.06, s. 794.011, or s. 800.04. However, such evidence may be admitted if it is first established to the court in a proceeding in camera that such evidence may prove that the defendant was not the source of the semen, pregnancy, injury, or disease; ....

§ 794.022(2), Fla. Stat. (2019) (emphasis added).

As the First District explained in *Thorne v. State*, 271 So. 3d 177 (Fla. 1st DCA 2019):

> As the statute plainly states, the Rape Shield "only relates to *consensual* sexual activity with a person other than the accused." *Gomez v. State*, 245 So. 3d 950, 953 (Fla. 4th DCA 2018); *see also McLean v. State*, 754 So. 2d 176, 182 (Fla. 2d DCA 2000) (holding "[t]he Rape Shield Statute ... prohibits evidence of specific instances of prior *consensual* activity between the victim and any person other than the offender in sexual battery cases) (emphasis added)).

*Id.* at 184.

Thus, the defendant correctly argues the circuit court erred in relying on the rape shield statute as its basis for precluding the defendant from eliciting testimony from the victim, or arguing to the jury, that someone other than the defendant had raped the victim. *Gomez*, 245 So. 3d at 953; *Thorne*, 271 So. 3d at 184.

However, any error was harmless beyond a reasonable doubt. As the state's answer brief submits:

> Although [the defendant] is correct that ... the rape shield statute [only relates to consensual conduct, and here the defendant sought to question the victim, and argue, about] nonconsensual conduct, any error in excluding the [proposed] [questioning] and [argument] is harmless beyond a reasonable doubt. ... [T]he 11-year-old victim [became] pregnant[,] and DNA evidence

2

established that the [d]efendant [had] fathered the [victim's] child. The victim also affirmatively identified the [d]efendant as her rapist and testified that she had never engaged in sexual activity before he raped her. Thus, even if ... evidence [existed] that someone else raped the victim, it would not have negated evidence that the [d]efendant raped and impregnated [the victim]. ... [Thus], ... any error is harmless beyond a reasonable doubt. *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986).

We conclude the defendant's other arguments on appeal lack merit and do not require further discussion. Based on the foregoing, we affirm the defendant's convictions for one count of lewd or lascivious battery, and one count of impregnating a minor.

*Affirmed.*

GROSS and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3